[No. 3200. Decided July 7, 1899.]

IDA C. ACHEY, *Respondent,* v. D. T. CREECH, *as Sheriff of Chehalis County, Appellant.*

ACTIONS—ELECTION OF REMEDIES.

When a party has a choice of remedies by mandamus or suit for damages, the adoption of one bars the right to invoke the other.

SAME—SPLITTING CAUSE OF ACTION.

A party having the right to plead and recover damages in mandamus proceedings, under Laws 1895, p. 118, § 26, cannot, after having prosecuted to final judgment an action for mandamus against a sheriff to recover possession of exempt property levied on by him, institute a second action to recover damages for the unlawful detention of the same property.

Appeal from Superior Court, Chehalis County.—Hon. CHARLES W. HODGDON, Judge. Reversed.

*J. C. Cross,* for appellant.

*Wm. O. McKinlay,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the respondent against the appellant, sheriff of Chehalis county, for damages alleged to have been sustained by respondent by the alleged unlawful detention of certain property of respondent, claimed to be exempt from execution, which property was levied upon by the sheriff in an attachment suit brought against the respondent by one N. G. Kaufman. At the time of the levy aforesaid, the respondent brought a suit in mandamus against the sheriff, the appellant in this action. In that suit the property was adjudged exempt property, and the sheriff was ordered to turn the same over to the respondent, which was done.

In this case the appellant moved against the complaint, asking that respondent be required to state her causes of action separately, and to strike certain portions thereof, which motion was denied by the court. Appellant also demurred to the complaint, which demurrer was overruled by the court. An answer was interposed, the affirmative part of which was stricken out on motion of the respondent, and which it is not necessary to discuss here. The case went to trial and judgment was rendered in favor of the respondent. The demurrer should have been sus-

tained, the complaint showing that mandamus proceedings had been resorted to to obtain the possession of the property described. The respondent elected to prosecute her rights in the statutory form of mandamus, that action was prosecuted to final judgment, and, when a party has a choice of remedies by mandamus or suit for damages, the adoption of one bars the right to invoke the other. Merrill, Mandamus, § 311; *Kendall v. Stokes,* 3 How. 87; *State v. Ryan,* 2 Mo. App. 303. In addition to these authorities, it seems to us that our statute decides this question without any doubt, for the statute specially provides in the chapter on mandamus (Laws 1895, p. 118, § 26) that, if judgment be given for the applicant, he may recover the damages which he has sustained, as found by the jury or as may be determined by the court or referee, and for such damages and costs an execution may issue. Having, then, the right to plead and recover damages in the mandamus proceeding, the law will presume that she demanded and received in that action all that she was entitled to, and the defendant will not be subjected to the defense of a multiplicity of suits, when all the subjects of the controversy could be decided in one action.

The judgment will be reversed and remanded, with instructions to sustain the demurrer to the complaint.

GORDON, C. J., and FULLERTON, ANDERS and REAVIS, JJ., concur.