[No. 6632.   Decided July 8, 1907.]

Peter F. Kline *et al.*, *Appellants*, v. Henry W. Stein *et al.*,
Respondents.[1]

Judgment—Res Judicata—Identity of Causes—Actions—Split-
ting Causes—Remedy for Mistake. Judgment in an action of eject-
ment awarding plaintiff the possession of premises along a disputed
boundary line, by reason of title by adverse possession, is *res judi-
cata* in a subsequent suit between the same parties to recover an ad-
ditional strip claimed to have been omitted by mistake from the
former complaint, where plaintiff was dispossessed of both tracts by
one forcible trespass by the defendant and the same evidence would
be required to support both actions; as the plaintiff cannot thus split
up his cause of action, and any remedy for the mistake in the first
complaint would be by a proceeding to open the former judgment.

Appeal from a judgment of the superior court for Kitsap
county, Frater, J., entered September 17, 1906, upon sus-
taining a motion for judgment on the pleadings, dismissing
an action of ejectment. Affirmed.

*Thomas Carroll, John Arthur*, and *C. D. Sutton*, for appel-
lants.

*Charles E. Patterson* and *Frank T. Reid*, for respondents.

Fullerton, J.—This is an action of ejectment, brought by
the appellants against the respondents to recover some three
acres of land. To the complaint in ejectment, an answer was
filed, pleading former adjudication, and to this answer the ap-
pellants filed a reply. On the filing of the reply, the respond-
ents moved for a judgment on the pleadings, which motion
the trial court granted, entering a judgment of dismissal.
This appeal is from the judgment so entered.

The facts shown by the pleadings upon which the judg-
ment of dismissal was based are in substance these: In 1884
the appellants entered, under the homestead laws of the United
States, with other lands, the east half of the northwest quarter

[1] Reported in 90 Pac. 1041.

of section 12, in township 22, north, of range 1, east of the Willamette Meridian, which lands were afterwards conveyed to them by patent from the United States. The predecessors in interest of the respondents acquired, at about the same time, in the same manner, the west half of the quarter section described. In making their settlement upon the land entered by them, the appellants included in their improvements a part of the west half of the quarter section patented to the predecessors in interest of the respondents. After the respondents acquired their rights in the property, they caused the line dividing the tracts to be surveyed, and finding that the appellants had encroached upon the lands described in their patent, entered with force and moved the fences erected by the appellants back to a place which they conceived to be the true line. The appellants thereupon began an action to recover possession of the tract from which they were thus forcibly dispossessed, claiming title thereto by virtue of the statutes relating to adverse possession. The action was prosecuted to judgment and the appellants recovered therein all of the land of which they alleged they were dispossessed by the acts of the respondents. The cause was appealed to this court, where the judgment was affirmed and remanded for execution. The respondents thereupon paid the costs and damages adjudged against them, and performed the mandatory part of the judgment by moving the fence onto the line the judgment determined marked the boundary between the two several tracts.

Thereafter the present action was instituted. In it the appellants seek to recover an irregular shaped tract bordering on the west side of the tract recovered in the first action, which they claim they were deprived of by the same acts of forcible trespass committed by the respondents that deprived them of the land recovered in the former action, and which was not recovered in that action owing to the fact that by accident and mistake on their part it was not included in the complaint filed in that action. The tract recovered in the former action, and the tract sought to be recovered in this action, are roughly

shown on the following diagram, the tract recovered being the tract marked **A**, and the tract sought to be recovered being the tract marked **B**. (The square representing the southwest quarter of the northwest quarter of section 12, in township 22, north, of range 1, east of the Willamette Meridian).

The trial judge sustained the motion for judgment on the principle of *res judicata*, and we are clearly of the opinion that he was right in so doing. The trespass gave rise to but one right of recovery, and since the appellants have exercised that right they are estopped from maintaining a second recovery. The appellants, however, seek to distinguish this action from the earlier one by saying that the tract of land they are now seeking to recover is a separate and distinct tract from that first recovered. But manifestly this is a mistaken contention. If they ever were in possession of this tract at all they were deprived of such possession by the same trespass that deprived them of the tract already recovered, and they must resort to the same evidence to maintain their claim to this property that they resorted to in order to maintain their claim to the other, the only possible difference being that they must now contend that their possession covered a larger area than they contended for in the other action. But this difference does not allow the claim that the two suits represent different causes of action. On the contrary, there has

been a splitting of a single cause of action. If this action can be maintained, there is no end to the number of actions that may be maintained for this trespass. The appellants can, as soon as judgment is finally entered in this action, maintain another action to recover another parcel of the same tract, and so on indefinitely. It is the policy of the law that there be an end to litigation; and as a means to this end the law requires causes of action to be prosecuted as a whole, and forbids dividing them into parts and prosecuting each part severally.

But the appellants assert that the allegation to the effect that this tract was left out of their original complaint through accident and mistake was made advisedly, and inasmuch as the respondents' motion for judgment on the pleadings concedes it to be true, this fact alone is sufficient to show the inconclusiveness of the original judgment. This contention, also, mistakes the rule. If the appellants have, by accident or mistake on their part, failed to recover all of the land that they were entitled to recover, their remedy is not to sue for the omitted portion, but is rather to seek relief in the original action by opening up the judgment, amending their pleadings, and trying anew their rights to the property.

The judgment of the trial court is right and must be affirmed. It is so ordered.

HADLEY, C. J., MOUNT, ROOT, and CROW, JJ., concur.