[No. 6561.  Decided September 6, 1907.]

ANGIE B. COLLINS *et al.*, *as Executors, etc., Appellants,*
v. JAMES P. GLEASON *et al., Respondents.*[1]

JUDGMENT—RES JUDICATA—ACTIONS—SPLITTING OF CAUSES.  Upon
a breach of an indivisible contract to convey certain lands, a judg-
ment for specific performance as to one tract is a bar to another
action for specific performance of another tract, where the failure
to ask full relief was not due to fraud or mistake; since plaintiff
cannot split up his cause of action.

SAME—PLEADING—JUDGMENT ON PLEADINGS—ESTOPPEL.  Failure
of defendant to plead a former judgment as *res judicata* does not
estop the defendant from taking advantage of the defense by motion
for judgment on the pleadings, where the plaintiff sets up the
former adjudication as affirmative matter in a reply.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered May 19, 1906, dismissing, after
a trial on the merits, an action for specific performance.  Af-
firmed.

*William Martin* and *Jas. F. McElroy,* for appellants, con-
tended, among other things, that distinct causes of action au-
thorizing independent relief, need not be presented in the same
suit.  *Stark v. Starr,* 94 U. S. 477, 24 L. Ed. 276; *Skog-
lund v. Minneapolis St. R. Co.,* 45 Minn. 330, 47 N. W. 1071,
22 Am. St. 733, 11 L. R. A. 222; *Cromwell v. County of
Sac,* 94 U. S. 351, 24 L. Ed. 195; *Stroup v. Pepper,* 69
Kan. 241, 76 Pac. 825; *Lawrence v. Stearns,* 79 Fed. 878;
*Phillips v. Berick,* 16 Johns. 136, 8 Am. Dec. 299.  It is
necessary to determine whether the same evidence would have
sustained both actions.  Rice, Evidence, § 312; *Buddress v.
Schafer,* 12 Wash. 310, 41 Pac. 43; *Taylor v. Castle,* 42
Cal. 367; Wharton, Evidence (3d ed.), § 788; *West v. Hen-
nessey,* 58 Minn. 133, 59 N. W. 984; *Dutchess of Kingston's
Case,* 2 Smith Lead. Cases (8th Am. ed.), 916, 918, 927,

[1]Reported in 91 Pac. 566.

929; *Grayer v. Parker*, 24 Neb. 643, 39 N. W. 845, 8 Am. St. 227; *Gilmer v. Morris*, 30 Fed. 476; *Lore v. Truman*, 10 Ohio St. 45; *Porter v. Wagner*, 36 Ohio St. 471. The burden is upon the party relying upon the estoppel. *Hammer v. Pounds*, 57 Ala. 348; *Cook v. Burnley*, 45 Tex. 97. The estoppel or bar of the former action does not extend to this one. *Nickerson v. California Stage Co.*, 10 Cal. 520; *Lewis & Nelson's Appeal*, 67 Pa. St. 153; *Ihmsen v. Ormsby*, 32 Pa. St. 198; *Mersereau v. Pearsall*, 19 N. Y. 111; *Dulaney v. Payne*, 101 Ill. 325, 40 Am. Rep. 205; *Walker v. Kimball*, 22 Ill. 537; *Goodwin v. Goodwin*, 65 Ill. 497; Black, Judgments, § 726; 1 Ency. Plead. & Prac. 150. The rule against splitting a cause of action does not apply where there has been a fraudulent concealment of a cause. *O'Dougherty v. Remington Paper Co.*, 81 N. Y. 496; *Moran v. Plankinton*, 64 Mo. 337; 1 Ency. Plead. & Prac. 162; *Risley v. Squire*, 53 Barb. 280; *Bennett v. Hood*, 1 Allen 47, 79 Am. Dec. 705; *State v. Lorenz*, 22 Wash. 289, 60 Pac. 644.

*John B. Hart* and *Maurice D. Leehey*, for respondents, to the point that there could not be a splitting of causes of action, and that the former judgment was a bar, cited: 1 Ency. Plead. & Prac. pp. 116, 148, 151; 5 Am. & Eng. Ency. Law (2d ed.), 776; Fletcher, Equity Plead. & Prac. § 116; *United States v. California & Oregon Land Co.*, 192 U. S. 355, 24 Sup. Ct. 266, 48 L. Ed. 476; *Bendernagle v. Cocks*, 19 Wend. 207; *Secor v. Sturgis*, 16 N. Y. 548; *Baird v. United States*, 96 U. S. 430, 24 L. Ed. 703; *Hill v. Joy*, 149 Pa. 243, 24 Atl. 293; *Willoughby v. Atkinson Furnishing Co.*, 96 Me. 372, 52 Atl. 756, 61 L. R. A. 567; *Wildman v. Wildman*, 70 Conn. 700, 41 Atl. 1; *Welles v. Rhodes*, 59 Conn. 498, 22 Atl. 286; *De Weese v. Smith*, 97 Fed. 309; *Wichita etc. R. Co. v. Beebe*, 39 Kan. 465, 18 Pac. 502; *King v. Chicago etc. R. Co.*, 80 Minn. 83, 82 N. W. 1113, 81 Am. St. 238, 50 L. R. A. 161; *Brannenburg v. Indianapolis, etc. R. Co.*, 13 Ind. 103, 74 Am. Dec. 250; *Achey v.*

*Creech,* 21 Wash. 319, 58 Pac. 208; *Bruce v. Foley,* 18 Wash. 96, 50 Pac. 935; *Hughes v. Dundee Mortgage Trust Inv. Co.,* 26 Fed. 831; *Hennequin v. Barney,* 24 Fed. 580; *Warren v. Comings,* 6 Cush. 103; *Green v. Bogue,* 158 U. S. 478, 15 Sup. Ct. 975, 39 L. Ed. 1061.

Crow, J.—This action was commenced on June 22, 1901, by John Collins, now deceased, against James P. Gleason, H. S. Connor, and the Fidelity Trust Company of Seattle, a corporation, to compel the conveyance of certain lands in sections 25 and 30, township 21, north, range 5, E., W. M., in King county, Washington. The plaintiff in his amended complaint, dated October 2, 1902, alleged that Connor and Gleason were the president and secretary of the defendant corporation; that on or about January 22, 1901, an action, No. 31138, had been commenced by John Collins, as plaintiff, against the same defendants, to compel the defendants to transfer to him certain stock in the Fidelity Trust Company, or to reconvey certain property theretofore conveyed by him to such company; that the cause was afterwards settled, a written memorandum or agreement being made as follows:

"Seattle, Washington, May 3rd, 1901.

"Collins surrender 6240 shares, stock and trust certificate on Island County land.

"Fidelity Trust Company make special warranty to Collins for all real estate conveyed by him to company, mortgage on tide land assumed by Collins and take property in mortgage. Company also to convey to Collins one-half interest in Anacortes judgment. All monies now on hand belonging to corporation, except Colman money now in court, to go to plaintiff.

"Collins vs. Fidelity Trust Company to be dismissed, each party to pay own costs.

"Defendants to have Colman money now in court, and to have no other money from plaintiff.

"Defendants to pay no cost of receivership.

"Martin vs. Fidelity Trust Company to be dismissed without cost to either party.

"Conner vs. Collins to be dismissed without cost to either party.

"Fidelity Trust Company vs. Colman to be dismissed without cost, and release of all claims against each other, growing out of any of said suits.

"Roberts & Leehey, Attorneys for Defendant.<br>
"William Martin, Attorney for Plaintiff."

that the plaintiff fully performed the agreement on his part; that the plaintiff had theretofore conveyed to the defendant company the land above mentioned, but that the defendant neglected and refused to reconvey it to him in pursuance of the terms of the written agreement. The defendants in their answer, after making certain denials, in substance alleged that the defendant company never authorized the written agreement; that it had never ratified the same; that the plaintiff was not entitled to any conveyance, and that the defendant company, by its answer, offered, by placing all parties *in statu quo*, to rescind any action its officers had taken towards part performance of the written agreement. To this answer the plaintiff originally replied by denials only. On July 11, 1903, it having been suggested to the trial court that the plaintiff John Collins had died testate, an order was entered substituting Angie B. Collins, John Francis Collins, and R. L. Hodgdon, his executors and trustees, as parties plaintiff. On March 30, 1904, the substituted plaintiffs, with leave of court, served and afterwards filed a supplemental reply, in which they affirmatively alleged that theretofore, to wit, on May 7, 1901, John Collins, as plaintiff, instituted action No. 32452 aginst the Fidelity Trust Company of Seattle, one of the defendants herein, to compel specific performance on the part of the Fidelity Trust Company of the above contract, by requiring it to assign to Collins a certain lease from the state of Washington to the Fidelity Trust Company of a certain harbor area in King county, Washington, in said lease and in the pleadings of said action particularly described,

being lease No. 64, the said contract upon which said action was brought being the same contract and agreement set forth in the amended complaint and the answer in this action; that thereafter such proceedings were had in said cause No. 32452 that, on August 20, 1902, a final decree was entered in favor of the plaintiff Collins, requiring the defendant Fidelity Trust Company to specifically perform the contract by assigning the lease; that the Fidelity Trust Company appealed to the supreme court of the state of Washington; that on October 3, 1903, subsequent to the filing of the original reply herein, the supreme court affirmed said decree, and that all issues raised by the affirmative defense herein were raised in said cause No. 32452, and determined in favor of the plaintiff Collins. Upon these issues, trial was had, and after the plaintiffs had introduced their evidence and rested, the defendants declined to offer any evidence, but moved for judgment. The trial court thereupon, without making any findings of fact, entered a final judgment dismissing the action. The plaintiffs have appealed.

The appellants contend that the trial court erred in dismissing the action. The respondents contend, (1) that the act of the attorneys in making the memorandum of settlement was unauthorized; (2) that the same was never ratified by the Fidelity Trust Company; and (3) that, even if it was executed with full authority and subsequently ratified, this action cannot be maintained, as the appellants' testator during his lifetime maintained one action to enforce the same agreement in which he obtained judgment, and that if the testator ever had any cause of action against the respondent company, as alleged in the complaint herein, the same was split by the former action, and the present one cannot be maintained.

The last point being conclusive of this case, the others will not be considered. It appears from the evidence, as well as the allegations of the supplemental reply, that action No. 32452 in the superior court of King county was instituted for

the purpose of securing the specific performance of the identical agreement upon which the present action is based, and that the decree entered therein, in favor of appellants' testator, was afterwards affirmed by this court. *Collins v. Fidelity Trust Co.*, 33 Wash. 136, 73 Pac. 1121. This is a subsequent and independent action, brought on the same contract. Although appellants' testator heretofore compelled the respondent, the Fidelity Trust Company, to specifically perform the contract by assigning to him the tide land lease, they are now seeking to compel it to further specifically perform by conveying to them the land in dispute. Appellants' testator never had more than one cause of action on the contract. The failure of respondent to convey all the lands contemplated thereby was but one breach, which authorized one action only. For one breach of an indivisible contract there can arise but one cause of action, and if in such action the plaintiff does not demand the entire relief to which he is entitled, he cannot afterwards complain. If this action can now be maintained, the appellants can hereafter maintain any number of additional actions upon the same contract. The recent case of *Kline v. Stein*, 46 Wash. 546, 90 Pac. 1041, is controlling here.

Appellants contend that the respondents cannot claim they are estopped by the former judgment, for the reason that the respondents did not plead such former judgment. The appellants themselves pleaded it in their supplemental reply, and when they did so, the respondents demanded judgment upon the pleadings. The former judgment had not been entered when the original answer was made herein. The facts were all before the court in this action, and we fail to see why it should not apply the law to the facts pleaded and admitted, whether pleaded by the respondents or the appellants. The appellants further contend that, at the time of the bringing of the former action, they had not discovered the failure of the respondents to convey the land now in dispute; that they

learned of such omission later but prior to the commencement of this action. The amended complaint, however, contains no allegation that such want of knowledge was due to the fraud or deceit of the respondents. Appellants' testator did discover such failure to convey, not only before the former judgment was entered, but also before he filed his amended complaint in this action. He had ample opportunity to ask the additional relief, by specific performance, in such amended complaint, but failed to do so. It is a general rule in both law and equity that, where a party inadvertently or by reason of his own negligence or mistake, and without fault or fraud of the adverse party, takes judgment or decree for less than he is entitled to recover, he is estopped from bringing a second action for the residue. When the appellants' testator discovered the omission or failure of the respondents to make an assignment of the tide land lease, it was his duty to immediately ascertain whether other omissions or breaches of the contract existed, and to bring his action for all remedies to which he was then entitled. Having failed to do this, he certainly could, in his amended complaint, have demanded the further specific performance now sought, as the record discloses that he did actually learn all the facts in ample time to do so. In *Kline v. Stein, supra,* we said:

"But the appellants assert that the allegation to the effect that this tract was left out of their original complaint through accident and mistake was made advisedly, and, inasmuch as the respondents' motion for judgment on the pleadings concedes it to be true, this fact alone is sufficient to show the inconclusiveness of the original judgment. This contention, also, mistakes the rule. If the appellants have, by accident or mistake on their part, failed to recover all of the land that they were entitled to recover, their remedy is not to sue for the omitted portion, but is rather to seek relief in the original action by opening up the judgment, amending their pleadings, and trying anew their rights to the property."

The appellants in this action have not only elected to retain the original judgment and its fruits, but they have also

rejected the offer and tender of the respondents to place the parties *in statu quo.*

The judgment is affirmed.

HADLEY, C. J., FULLERTON, RUDKIN, MOUNT, and DUNBAR, JJ., concur.