[No. 10130.   Department Two.   June 19, 1912.]

N. G. KAUFMAN, *Appellant*, v. FRANK KLAIN *et al.*,
*Respondents.*[1]

JUDGMENT — RES JUDICATA — MATTERS DETERMINED—EVIDENCE—
SUFFICIENCY—PARTIES.   In an action to foreclose mortgages a plea
of former adjudication is established where plaintiff admitted that,
in a former action brought against him by the defendant for wages,
he (the plaintiff) had set up in defense an indebtedness to him for
advances made which he sought to recover and which was repre-
sented in part by the mortgages, and the case was submitted to a
jury with directions to bring in a verdict in favor of the party to
whom any balance was due; and it is immaterial that the parties
were not all the same in both actions, the other persons not being
primarily interested and merely proper parties.

JUDGMENT—RES JUDICATA—APPEAL—EFFECT.   An appeal from a
judgment does not suspend its effect as *res judicata.*

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered August 17, 1911, upon find-
ings in favor of the defendants, in an action to foreclose
mortgages, after a trial to the court on the merits.   Affirmed.

*J. C. Cross*, for appellant.

*Boner & Boner*, for respondents.

FULLERTON, J.—The appellant instituted this action to
foreclose four certain mortgages, two of which were executed
by the respondents Klain and wife to the appellant direct,
and two of which were executed by the respondents Klain
and wife to the respondent Buttner and by Buttner assigned
to the appellant.   The complaint was in the usual form in
such cases; it set forth the mortgages and prayed for their
foreclosure.   To the complaint, the defendants Klain and
wife answered, setting up against all of the mortgages a plea
of payment; and to the mortgages assigned to the plaintiff
by Buttner, in addition thereto, the plea of former adjudica-

[1]Reported in 124 Pac. 391.

tion. The trial court at the hearing found that the plea of payment had not been sustained, but upheld the plea of former adjudication, allowing a foreclosure only of the two mortgages first mentioned. This appeal is from that portion of the decree upholding the plea of former adjudication.

It is the appellant's main contention that the evidence does not justify the conclusion that the indebtedness now claimed to be owing upon the mortgages was the subject of litigation in any former action, but we think this point is definitely settled by the testimony of Kaufman himself. The defendant introduced the record of another cause, in which it appeared that Klain had sued Kaufman and Buttner for wages due him for personal services, and for certain farm products which he had advanced to the use of the defendants; that to this complaint Kaufman had pleaded an indebtedness due him for advances made to Klain exceeding the sum of ten thousand dollars; that a trial was had in which each party had introduced evidence in support of their respective claims, and in which the court had charged the jury, in substance, that, if they found that either party had established his claim or any part thereof by a preponderance of the evidence, they should allow him the amount so proven, and if they found that both parties had established their claim or some part thereof, they should return a verdict for the difference, if any, in favor of the party in whose favor the balance is, and that the jury returned a verdict in favor of Klain. On the trial of the present case, appellant Kaufman testified that the indebtedness he had sought to recover in the former action was in part the indebtedness claimed in this action, and was represented by the two mortgages given by Klain to Buttner and by Buttner assigned to him. This, to our minds, leaves no question as to the subject-matter in litigation in the two several actions, and shows conclusively that, as between the defendant Klain and the plaintiff Kaufman, there has been a former adjudication of the rights of the parties in the indebtedness represented by the mortgages. There is no merit

in the objections that the parties to the present actions are not the same as they were in the former, or that the record offered does not show a final judgment. The real parties in interest in both actions were Kaufman and Klain. The dealings which gave rise to the actions were between them and their privies, and they were the only parties affected by the result of the actions. The other parties, while proper parties to the proceedings, were not necessary parties; they had no substantial rights in the subject-matter of the action.

The claim that there was no final judgment in the former action is founded on the fact that an appeal had been taken to this court from the judgment therein, which was pending at the time of trial in the court below of the present action. Whether the taking of an appeal from a judgment suspends its effects as *res judicata* is a question upon which the courts are divided; but we think the better reason, if not the weight of authority, is with the holding that it is not so suspended. See, 23 Cyc. 1128, 1223.

There was no error in the finding of the court and the decree will stand affirmed.

MOUNT, ELLIS, and MORRIS, JJ., concur.