[No. 10379. Department One. May 5, 1913.]

CHARLES D. DAVIS, *Respondent,* v. W. A. HIBBS, *Appellant.*[1]

ACTIONS—SPLITTING CAUSES—DIVISIBLE CONTRACTS. A promissory note agreeing to pay in monthly installments is a divisible contract, upon which separate actions may be maintained as the installments fall due.

BILLS AND NOTES — BONA FIDE PURCHASER — EVIDENCE — SUFFICIENCY. Findings that plaintiff was a *bona fide* purchaser of a note for $248 are sustained, where it appears that he purchased it a day or two after execution, paying $231, upon inquiring that the maker was a good risk, the maker was notified and did not disaffirm the note for several days and there was no substantial evidence in rebuttal.

[1]Reported in 131 Pac. 1135.

JUDGMENT—CONCLUSIVENESS—RES JUDICATA—MATTERS CONCLUDED.
Judgment in an action to recover an installment due on a promis-
sory note, is *res judicata* upon an issue as to the fraudulent char-
acter of the note, tried out in that action, precluding that defense in
subsequent actions between the same parties to recover the balance
due.

BILLS AND NOTES—RECOVERY—ATTORNEY'S FEES. Where a promis-
sory note payable in installments provided for a reasonable attor-
ney's fee, and no attorney's fee was allowed in an action brought to
recover the first installment, it is proper to allow an attorney's fee
in a subsequent action on plaintiff's recovery of the balance due.

Appeal from a judgment of the superior court for King
county, Ronald, J., entered June 7, 1911, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action on a promissory note. Af-
firmed.

*H. E. Foster,* for appellant.

*Robert M. Jones,* for respondent.

MOUNT, J.—This action was brought to recover upon a
promissory note. Plaintiff had judgment in the court below;
the defendant has appealed.

It appears that on November 5, 1908, the appellant execut-
ed and delivered to Ransom & Baker a promissory note as fol-
lows:

"$247.78                    Seattle, Wn., Nov. 5th, 1908.

"One year after date, without grace, I promise to pay to
the order of Ransom & Baker, Two Hundred Forty-seven
and 78-100 ($247.78) Dollars, for value received with inter-
est after maturity at the rate of seven per cent per annum
until paid. Principal and interest payable in U. S. Gold Coin
at Seattle and in case suit or action is instituted to collect
this note or any portion thereof, I promise to pay such
sum as the court may adjudge reasonable as attorney's fee
in said suit or action, above sum is to be paid $20.65 every
month commencing Dec. 5, 1908.

"W. A. Hibbs, 329 Walker Building."

A day or two after this note was made, it was sold to the
respondent, indorsed by Ransom & Baker. The first install-

ment became due on December 5, 1908, appellant refused to pay the same, and an action was begun on December 20, 1908, in justice court in Seattle to collect such installment. Judgment was rendered in favor of the respondent. From this judgment in the justice court, an appeal was prosecuted to the superior court of King county, where, on trial before a jury, judgment was again rendered in favor of the respondent for the first installment, $20.65. No attorney's fee was allowed or collected. The judgment in that case was afterwards paid and satisfied. In July, 1909, the respondent commenced an action in the superior court of King county to recover the installments due at that time. This latter action was pending until May, 1910, when the respondent brought another action to recover for the installments subsequently becoming due. These last two cases were consolidated and tried together to the court without a jury. On the 26th day of May, 1911, a judgment was rendered for the full amount due upon the note, with interest and costs, and an attorney's fee of one hundred dollars. In the original case in justice court, the appellant admitted the making of the note, but denied that it had been purchased by the respondent in good faith; and also plead affirmatively that the note was without consideration and was obtained by fraud, and that there was nothing due upon it from the appellant. This issue was decided adversely to the appellant in the original case tried in the justice court and appealed and tried in the superior court. Thereafter, when the two subsequent actions were brought for the balance due upon the note, as above stated, the same defenses were interposed by the appellant.

It is argued by the appellant that the trial court in this action should have sustained the demurrer of the appellant and his objection to the evidence, upon the ground that the note sued upon was an indivisible contract, and that, when the respondent brought the first action, he could not thereafter maintain any further action upon the contract. The appellant also contends that the note was obtained without con-

sideration, in bad faith, and that the same was obtained from
the appellant by fraud of the original payees.

It is apparent upon the face of the note that the contract
is a divisible contract, which was not the case in *Collins v.
Gleason*, 47 Wash. 62, 91 Pac. 566, 125 Am. St. 891, and
*Kline v. Stein*, 46 Wash. 546, 90 Pac. 1041, 123 Am. St.
940, relied upon by the appellant. In this case the appellant
agreed to pay the note in monthly installments of $20.65
each, commencing December 5, 1908. The rule is well settled
and well stated in 23 Cyc., at page 444, as follows:

"The great weight of modern authority is to the effect,
however, that a contract to do several things at several times
is divisible in its nature because, although the agreement is
in one sense entire, the performance is several, and an action
will lie for the breach of any one of the stipulations, each of
them being considered in respect to the remedy as a several
contract. Thus on an agreement to pay a sum of money by
installments, an action will lie to recover each installment as
it becomes due as rent or compensation for personal services,
and it has been held that an indorser who is compelled to
make payments on a promissory note may maintain separate
actions against a prior indorser to recover each payment
made."

This rule is well sustained by numerous authorities cited
in the foot notes to the text quoted. There is no merit, there-
fore, in the contention of the appellant that the contract was
indivisible.

The evidence is clear to the effect that the respondent was
a *bona fide* holder for value. He purchased the note a day or
two after it was executed, and paid therefor the sum of two
hundred thirty-one dollars "and some cents." There is noth-
ing in the record to dispute this fact, except the mere fact
that respondent, at the time he purchased the note, was un-
acquainted with the maker; but he had inquired concerning
the maker, and was informed that he was a good risk and
paid his bills. The appellant was notified, but did not dis-
affirm the note for several days after it was purchased by the

respondent. There is no substantial evidence to rebut the fact that the respondent purchased the note in good faith for value. He was an innocent holder.

We are satisfied, also, that in the last two actions, the fraudulent character of the note was *res judicata*, because that question was tried out before a court of competent jurisdiction in the original action appealed from the justice court. That issue was decided by a jury against the appellant at that time and no appeal was taken from that judgment. It therefore became conclusive. The rule is stated in § 754, 2 Black on Judgments, as follows:

"It is a general rule that a valid judgment for the plaintiff definitely and finally negatives every defense that might and should have been raised against the action; and this is true, not only with respect to further or supplementary proceedings in the same cause, but for the purposes of every subsequent suit between the same parties, whether founded upon the same or a different cause of action. 'A party cannot re-litigate matters which he might have interposed, but failed to do, in a prior action between the same parties or their privies in reference to the same subject matter.' "

See, also, 23 Cyc. 1295; *Furneaux v. First Nat. Bank of Whitewater*, 39 Kan. 144, 17 Pac. 854, 7 Am. St. 541.

It is also argued by the appellant that the court erred in allowing an attorney's fee of one hundred dollars in the last action. The contract provides for a reasonable attorney's fee to be fixed by the court. No attorney's fee was allowed in the first action, namely, the one which was appealed from the justice court to the superior court. It was proper, therefore, upon the subsequent action to allow one attorney's fee, which was done in this case.

We find no error in the record. The judgment will therefore stand affirmed.

CROW, C. J., PARKER, and CHADWICK, JJ., concur.