[No. 13102.   Department Two.   March 24, 1916.]

## HENRY BRICE, *Respondent*, v. S. H. STARR *et al.*, *Appellants.*[1]

JUDGMENT—BAR—SPLITTING CAUSES OF ACTION—EFFECT.   Where plaintiffs, having deeded lands to defendants, who instead of securing an unpaid balance, defrauded the plaintiffs by mortgaging the lands to a third party and absconding, began two actions, the first, to recover damages in the amount of the mortgage, and the second to quiet title, which latter was amended to ask cancellation of the deed for the .same fraud without asking a money judgment, judgment in the second action, granting cancellation, is a bar to recovery in the first action on the money demand; since the plaintiff attempted to divide a single cause of action, and judgment in the second suit concluded his rights (MORRIS, C. J., and HOLCOMB, J., dissenting).

SAME.   It is immaterial that the mortgagee and another were made additional parties in the second action, since they were immaterial parties.

Appeal from a judgment of the superior court for King county, Ronald, J., entered July 17, 1915, upon findings in favor of the plaintiff, in an action for fraud, tried to the court.   Reversed.

*Bryan & Colvin*, for appellants.

*John W. Witham*, for respondent.

BAUSMAN, J.—Defendants, obtaining by agreement plaintiff's deed to certain land, hurriedly mortgaged it to an innocent third person and, instead of giving plaintiff security upon it, left the state with all they had borrowed.   Plaintiff forthwith brought this suit in fraud to recover from defendants a sum equal to the mortgage which he would have to discharge.   In the same month he brought a second action, which, as finally amended, was to cancel the deed for the same fraud, and that later suit reaching judgment first, he set it

[1]Reported in 156 Pac. 12.

up to reinforce this complaint with the fraud adjudicated.
The defendants, after vainly endeavoring by demurrer and
answer to exclude that record from this suit, finally retorted
by themselves invoking it. The cancellation, they argue, in-
volved the whole and present situation. If plaintiff did not
get the money also in that suit, it must be presumed that it
was either denied there or waived.

Now the fraud was not in obtaining the deed, but in violat-
ing its objects. It was impossible for plaintiff in his second
suit to get a cancellation upon other ground than the fraud-
ulent mortgaging. That, and that only, was the fraud.
Consequently plaintiff attempted to divide a single cause of
action. The judgment in the second cause concluded his
rights. If he were not wronged by the mortgage, he had no
right to have his land back, and when he got that back, he
left out part of his redress if he did not ask for the mortgage
money too. There was but one breach of contract or act of
tort and all items of compensation should have been included.
*Collins v. Gleason*, 47 Wash. 62, 91 Pac. 566, 125 Am. St.
891; *Collins v. Gleason*, 47 Wash. 69, 91 Pac. 568; *Carmean
v. North American Transp & Trad. Co.*, 45 Wash. 446, 88
Pac. 834, 122 Am. St. 930, 8 L. R. A. (N. S.) 595; *Sullivan
v. Baxter*, 150 Mass. 261, 22 N. E. 895; *Watkins v. Lawton*,
69 Ga. 671. The fact that, in the second suit, there were ad-
ditional parties, the mortgagee as an additional defendant
and the present plaintiff's wife as an additional plaintiff, does
not alter the applicability of the judgment, for these were
immaterial parties. *Kaufman v. Klain*, 69 Wash. 113, 124
Pac. 391. And how can plaintiff be allowed to raise this
feature? It is he who first brings that judgment into this
case to bind the defendant.

The learned trial judge, in an honest effort to prevent
wrong, relieved plaintiff by estoppel through defendants'
counsel. It seems that oral negotiations had sprung up be-
tween the latter and plaintiff's counsel about consolidating
these two causes. The facts favorable to plaintiff are that the

second suit did not originally allege fraud, but was merely to
quiet title without the actual facts.  It could not finally have
prevailed, indeed, except through evidence of the fraudulent
mortgage, but it was free from inviting that issue.  How-
ever, plaintiff's own counsel asked leave later to file in it a
second amended complaint narrating substantally what he
had already set up in the present and then also pending suit,
and asking cancellation for fraud instead of mere quieting of
title.  Up to this point it might be conceived that he did this
(though an unnecessary thing even for that purpose) in
pursuance of expected consolidation, but he could not have
been misled, because defendants' counsel immediately opposed
in writing the attempted change.  It was over their objection
that he successfully duplicated the first action in the second
with all but the prayer for money relief.  He even went fur-
ther.  He included demands for damages in other items for
use and occupation.  Nor can his object in seeking a judg-
ment on fraud in that case also be denied.  He immediately
pleaded it in this case to forestall the only defense possible
and to leave the recovery of the mortgage money only a
form.

Defendants' counsel roundly deny what plaintiff's counsel
says about consolidation, and this court is forbidden by law
to recognize the talk of lawyers out of court.  Rem. & Bal.
Code, § 130 (P. C. 25 § 21).  Upon the record, defendants
have vigorously resisted both suits.  Nothing in their con-
duct implies expected consolidation.  Everything indicates
the contrary.  When, after the second case was altered, they
stipulated in writing that a certain deposition might be taken
on behalf of plaintiff and used in *either* suit, it is to be noted
that nothing was said about consolidation.  While they frank-
ly admit, to be sure, that they had expected consolidation,
there is nothing to indicate the faintest intention that such
consolidation or separate trial, either, should be after amend-
ment, or judgment in the second case should better plaintiff's

position and close the mouths of defendants. The very contrary is at all times apparent.

In fine, there is here neither fraud nor accident nor mistake in the omission of a money claim in the suit that went first to judgment. Even a rascal is entitled to the law of evidence and to the established procedure. We have here a provoking case, but we could not relieve plaintiff without violating rights to which even the meanest are entitled. It was not the defendants, but plaintiff, who hurried and invoked the other judgment.

The judgment is reversed.

Main and Parker, JJ., concur.

Morris, C. J., dissents.

Holcomb, J. (dissenting)—Whatever may have been the technical fault of counsel for plaintiff in bringing two separate suits when he should have brought but one, as I concede, or in failing to obtain the consolidation of the two suits even over the objection of appellants, the result of the above decision is to send the appellants forth free with $1,400 of ill-gotten gains. These they obtained by fraudulently mortgaging plaintiff's land, to which they had fraudulently obtained title. It seems to me that this court should not assist the appellants to effectuate such a palpable though round-about grand larceny.

I therefore dissent.