[No. 21237. Department Two. October 3, 1928.]

EVERETT HOWELL, *Appellant*, v. HUNTERS EXCHANGE STATE BANK *et al., Respondents.*[1]

*Samuel Porter,* for appellant.

*J. D. Campbell,* for respondents.

MAIN, J.—The plaintiff brought this action to restrain the defendant Hunters Exchange Bank from foreclosing two chattel mortgages through the sheriff's office of Ferry county by notice and sale. The bank, by its answer, sought the foreclosure of the two mortgages in the superior court. The trial resulted in a judgment sustaining the right to foreclose, and from this the plaintiff appeals.

The facts are these: October 4, 1926, the appellant executed and delivered to the respondent bank a note for the sum of four hundred and sixty dollars, which was secured by a chattel mortgage covering live stock,

[1]Reported in 270 Pac. 831.

machinery, and crops to be sown, grown and harvested during the season of the year 1927. May 26, 1927, the appellant executed to the bank another chattel mortgage, which covered live stock and crops to be harvested and threshed during that season. This mortgage was to secure the payment of $199. The property covered by both mortgages, at the time of their execution, was in Ferry county. The crops mentioned in the mortgages were produced, harvested and threshed, and were caused to be moved after the threshing, by the bank, to a warehouse at Daisy, in Stevens county, which was a short distance from the place where the wheat was produced, and was the available shipping point. Soon after the wheat was deposited in the warehouse, the bank caused a transcript of its mortgages to be filed in Stevens county, and thereupon foreclosed the same upon the wheat at Daisy in that county by notice and sale through the sheriff's office. The proceeds of the sale, after deducting expenses, were applied upon the indebtedness of the appellant.

Thereafter the bank sought to foreclose by notice and sale through the sheriff's office in Ferry county upon the property in that county which was covered by the mortgages and which had not been included in the foreclosures in Stevens county. It was this foreclosure in Ferry county that the appellant sought to prevent. His objection to it was that the foreclosure in Stevens county was *res judicata,* and that, inasmuch as the bank could have foreclosed upon the wheat in both counties in one action by beginning an action in the superior court, the second foreclosure, if permitted, would amount to the splitting of the causes of action.

It will be admitted that the cause of action upon each mortgage by beginning a foreclosure in

Stevens county upon the property there, and later another foreclosure in Ferry county upon the property there, was a splitting of the causes of action. It does not necessarily follow from this that the judgment of the trial court was erroneous. The rule against the splitting of causes of action is for the benefit of the defendant. It is a rule which he may waive or be estopped from asserting. In this case, there is no evidence of waiver, or estoppel or other wrongful conduct on the part of the appellant in connection with his transactions. This is an action in equity, and in such a case the court will enforce or refuse to enforce the rule against splitting of causes of action as the justice of the particular case requires. In *State ex rel. White Pine Sash Co. v. Superior Court,* 145 Wash. 576, 261 Pac. 110, it was said:

"The rule that a party may not split a single cause of action is well settled in law. It has its foundation in the principle that it avoids a multiplicity of suits, and thus protects the defendant against unnecessary vexation, and avoids the costs and expenses incident to numerous actions. This court has heretofore recognized the rule; some of the cases so doing being the following: *Achey v. Creech,* 21 Wash. 319, 58 Pac. 208; *Kline v. Stein,* 46 Wash. 546, 90 Pac. 1041; *Collins v. Gleason,* 47 Wash. 62, 91 Pac. 566; *Brechlin v. Night Hawk Mining Co.,* 49 Wash. 198, 94 Pac. 928; *Davis v. Hibbs,* 73 Wash. 315, 131 Pac. 1135; *Brice v. Starr,* 90 Wash. 369, 156 Pac. 12; 93 Wash. 501, 161 Pac. 347; *Kinsey v. Duteau,* 126 Wash. 330, 218 Pac. 230; *Jansen v. Kolmitz,* 130 Wash. 314, 226 Pac. 1025.

"But, while the rule against splitting causes of action is applied with some strictness in actions arising upon contract or upon tort, it is not enforced with the same rigidity in actions of equitable cognizance, or actions not clearly falling within its application. The rule is intended primarily for the benefit and protection of the defendant, and instances arise where its non-enforcement will work no particular embarrass-

ment to him, and where its enforcement may cause serious loss and damage to the plaintiff. In such instances, if the action be of equitable cognizance, the court will inquire into the respective rights of the parties, the effect the enforcement or non-enforcement of the rule will have upon such rights, and will enforce or refuse to enforce it as the evident justice of the particular case requires.''

The inquiry then will be directed as to what the evident justice of the case now before us requires as to the enforcing or refusing to enforce the rule. The appellant's obligation was not satisfied by the foreclosure in Stevens county. Had an action been begun in the superior court instead of through the sheriff's office, the expense of the foreclosure, even though had in one action upon the property in the two counties, would have been very much greater, and this was an item which, under the mortgages, the appellant would be required to bear. The bringing of the foreclosure through the sheriff's office first in Stevens county upon the property there located, and later in Ferry county upon the property there located, was not only not harmful to the appellant in any way but it was in fact beneficial. It thus appears that the evident justice of the particular case calls for the non-enforcement of the rule against the splitting of causes of action. Had the procedure adopted in any way been harmful to the best interests of the appellant, the situation would have been different. The cases of *Collins v. Gleason*, 47 Wash. 62, 91 Pac. 566, 125 Am. St. 891, and *Bradley Engineering & Mach. Co. v. Muzzy*, 54 Wash. 227, 103 Pac. 37, 18 Am. Cas. 1072, are different in that in each of those cases the splitting of the cause of action was not beneficial, but detrimental, to the defendant.

The judgment will be affirmed.

FULLERTON, C. J., BEALS, ASKREN, and HOLCOMB, JJ., concur.