MILLER v. WENTZ.

No. 31423. June 13, 1944.

*149 P. 2d 778.*

Tom L. Irby and C. L. Armstrong, both of Ponca City, for plaintiff in error.

Felix Duvall, of Ponca City, and Looney, Watts, Fenton & Eberle, of Oklahoma City, for defendant in error.

PER CURIAM. This action was instituted on April 6, 1942, by L. H. Wentz, hereinafter referred to as plaintiff, against Z. T. Miller, hereinafter referred to as defendant, and others not here involved, to obtain a determination of the amount which remained unpaid on an indebtedness and to have a lien decreed upon interest in certain lands to which plaintiff held legal title and of which he was in possession and to which defendant had an equitable title to an undivided one-fourth interest and to foreclose said lien. Settlement was had with the other parties and we are not here concerned with them.

The plaintiff in his petition alleged, in substance, that on October 1, 1924, Miller Brothers 101 Ranch Trust, an express trust, had borrowed of the plaintiff the sum of $250,000 and evidenced the debt by ten notes of $25,000 each and these notes were indorsed by defendant and his brothers, George L. Miller and J. C. Miller; that the debt so evidenced was secured by a real estate mortgage and chattel mortgage on real and personal property of the trust; that in addition a written instrument had been executed on October 1, 1924, by George L. Miller, J. C. Miller, and Z. T. Miller pledging to the plaintiff an undivided interest in certain lands located in Kay, Noble, and Pawnee counties known as Ponca and Otoe. lands as additional security for the payment of said indebtedness. The plaintiff and George L. Miller had acquired said lands as tenants in common, plaintiff owning an undivided one-half interest thereof and George L. Miller and Z. T. Miller owning the remaining undivided one-half interest therein; that for convenience the title to said property had been taken in the name of one J. E. Sanders; that under the pledge agreement so executed plaintiff was given a lien on the interest of the defendants in said lands and authorized to take possession thereof and hold the same as security for the payment of the debt; that plaintiff took such possession, and that on February 23, 1926, George L. Miller by warranty deed purported to convey to the plaintiff the full title to said lands, and that thereupon J. E. Sanders executed a deed to plaintiff conveying to him the full legal title to all of said property; that J. C. Miller departed this life in 1927 and George L. Miller departed this life in 1929; that subsequently a foreclosure of the mortgages given by Miller Brothers 101 Ranch Trust had been completed in the district court of Pawnee county by judgment entered thereon on January 4, 1932, and the real estate sold and applied on the indebtedness, and that subsequent payments in large sums were made on the indebtedness by the trustees from sale of the property covered by the chattel mortgage and from other sources; that plaintiff prior and subsequent to October 1, 1924, had been in possession and control of the lands here involved and had credited on the indebtedness during the years 1925 up to and including the first three months of 1942 one-half of the net proceeds derived from said properties during each of said years, and that on April 1, 1942, there remained due and unpaid on the indebtedness for

which said property had been pledged the sum of $108,071.54, together with interest thereon, and for payment of which plaintiff had a lien upon the equitable interest of Z. T. Miller et al. in the land in suit.

Defendant in his answer, after a general denial, admitted that plaintiff had judgment in the district court of Pawnee county as alleged, and that the lands here involved were the property of plaintiff and defendant and his deceased brother, George L. Miller, in the proportions alleged by plaintiff and the title thereto had been taken in the name of J. E. Sanders, but denied that Sanders had been authorized to execute the deed of conveyance which he had to the plaintiff, and as a defense alleged that the indebtedness involved had been merged in the judgment of January 4, 1932, and that since no execution had been issued on said judgment for more than six years, plaintiff was estopped and barred from maintaining the instant action. Defendant further denied that plaintiff had fully accounted for the rents and profits from the lands involved, and alleged that a proper accounting would show that the entire indebtedness had been fully paid and satisfied.

The action being one of equitable cognizance, trial thereof was had to the court. The evidence adduced at the trial was not in serious conflict and established substantially the facts above narrated and that defendant was at all times aware of the fact that plaintiff had possession of the property involved under the lien agreement of October 1, 1924, and was crediting the indebtedness with profits derived from said lands during said times, and that on July 23, 1940, defendant wrote plaintiff a letter in which he advised that the payments made, together with profits from the lands here involved and other land, were sufficient either to have paid the indebtedness in full or else to have reduced it to such an extent that defendant would be able to refinance it, and in which defendant assured plaintiff that he wanted a settlement and was

sure that he could arrange to redeem his property if he received credit for the amount which plaintiff had obtained. Under the evidence, substantially as narrated, the court found for the plaintiff and rendered judgment accordingly. The defendant has perfected this appeal.

Issues of law alone are presented. The primary contention of defendant is that the pledge agreement of October 1, 1924, was an indivisible part of the transaction between plaintiff and Miller Brothers 101 Ranch Trust, and therefore the failure to foreclose this lien in the action instituted to foreclose the mortgage and which resulted in the judgment of January 4, 1932, was fatal to the maintenance of this action under the rule which forbids the splitting of causes of action. Defendant directs our attention to Akin v. Bonfils, 67 Okla. 123, 169 P. 899; Tootle v. Kent, 12 Okla. 674, 73 P. 310; Collins v. Gleason, 47 Wash. 62, 91 P. 566; Kline v. Stein, 46 Wash. 546, 90 P. 1041; Pakas v. Hollingshead, 184 N.Y. 211, 77 N.E. 40, 3 L.R.A. (N.S.) 1042; I Am. Jur. page 480, §§ 96 and 97, and page 487, § 105, as supporting the contention so made. An examination of the cases and text cited will reveal that they are authority for the rule that indivisible actions may not be split, but that they are without application to the facts involved in the case at bar; since the lien here sought to be foreclosed was separate and distinct from the lien which was involved in the action resulting in the judgment of January 4, 1932. The mortgage lien in the former action of necessity had to be foreclosed by a court proceeding, if not otherwise satisfied, whereas by the terms of the instrument which created the lien here sought to be foreclosed the plaintiff was authorized to take possession of the property and hold it until the indebtedness was fully satisfied. As was said in Waken v. Bimstrom, 172 Okla. 232, 45 P. 2d 97:

"Where a party, by contract, becomes the creditor of another, and is given liens on two different properties to secure the payment of the debt due him, and legal proceedings commenced by

him result in a judgment for the amount due on the debt and for the foreclosure of the lien on one of the properties, he does not thereby necessarily lose his lien on the other property to secure any unpaid balance on the debt."

The defendant next contends that since the notes merged in the judgment rendered on January 4, 1932, and no execution was issued on the judgment subsequent to May, 1933, the action was barred by the statute of limitations for the reason that the possession of plaintiff was that of trustee and not that of mortgagee. In support of the contention so made our attention is directed to Dumont v. Taylor, 67 Kan. 727, 74 P. 234; Eldred v. The Michigan Ins. Bank, 17 Wall. (U.S.) 545, 21 L. Ed. 685; Schuler v. Israel, 120 U. S. 506, 7 S. Ct. 648, 30 L. Ed. 707; Cressler v. Brown, 79 Okla. 170, 192 P. 417; McGinnis v. Seibert, 37 Okla. 272, 134 P. 396; Thomas v. Murray, 174 Okla. 36, 49 P. 2d 1080. An examination of the authorities so cited will reveal that they are authority for the general rules contended for by the defendant but that they do not apply for the reason that the contention of defendant relative to the nature of the possession of plaintiff is not supported by the facts shown in the record. On the contrary, the record clearly discloses that the possession of plaintiff was taken under the provisions of the instrument creating the lien and was with the knowledge and apparent acquiescence and consent of the defendant as late as July, 1940, when he wrote plaintiff calling attention to the fact that the payments from the property together with other receipts should have by that time been sufficient to discharge the indebtedness or else to reduce the same so that defendant could refinance it and at that time demanding that he be given an opportunity to do so. Under these circumstances, we are of the opinion that the possession of plaintiff. was similar to that of a mortgagee in possession, and therefore no statute of limitations or estoppel could arise so long as the possession of plaintiff was not adverse to that of defendant. As stated in Neel

v. First Federal Savings & Loan Ass'n of Shawnee, 194 Okla. 133, 147 P. 2d 440:

"Where the mortgagee upon default of payment in the mortgage takes possession of the premises, without objection of a purchaser of the mortgaged property who does not dispute the possession, the statute of limitations (12 O. S. 1941 § 95, subd. 1) does not run against the right to foreclose the mortgage during said undisputed possession."

The judgment of the trial court required the sale of the entire undivided one-half interest so that the interest of the defendant would be protected, and in so doing we are of the opinion that the court did equity. No reversible error has been presented.

Judgment affirmed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur.