Joe **MARTINEZ** and Alisandra **Martinez,** husband and wife; and Martinez Enterprises, Inc., a domestic corporation, Plaintiffs,

v.

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a stock insurance company, Defendant.**

No. C89–635TB.

United States District Court, W.D. Washington, at Tacoma.

April 28, 1992.

James F. Imperiale, Griffin, Imperiale, Bobman & Verhey, P.S., Tacoma, WA, for plaintiffs.

Thomas Martin Jones, Cozen & O'Connor, Seattle, WA, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF DISMISSAL

BRYAN, District Judge.

THIS MATTER comes before the court on Defendant's Motion For Summary Judgment Of Dismissal. The court, having considered the pleadings and the file herein, determines that the motion should be granted and the case dismissed.

Plaintiffs bring suit to recover certain insurance proceeds that are allegedly due under an homeowner's insurance policy. Defendant contends that recovery is barred by the "intentional act" exclusion in the insurance policy. In other words, defendant alleges that plaintiff Joe Martinez set fire to his own home. On March 31, 1992, a Cowlitz County Superior Court jury convicted Mr. Martinez of first-degree arson in Cause No. 90–1–00560–4.

▮ Under the principle of full faith and credit, a federal court must give a state court judgment the preclusive effect that the judgment would have in state court. *Haphey v. Linn County,* 924 F.2d 1512 (9th Cir.1991). In other words, the state law of issue preclusion, or collateral estoppel, determines the preclusive effect of state court judgments in federal court.

▮ Under Washington law, issue preclusion or collateral estoppel is available where: (1) the identical issue was decided by the prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom preclusion is sought was a party or in privity with a party to the prior adjudication; and (4) the application of the doctrine would be just, i.e. the party had a full and fair opportunity to litigate the issue. *McDaniels v. Carlson,* 108 Wash.2d 299, 303, 738 P.2d 254 (1987). A criminal conviction is especially full and fair in light of the special procedural protections afforded the defendant, including the higher burden of proof. *Seattle–First National Bank v. Cannon,* 26 Wash. App. 922, 615 P.2d 1316 (1980). Under Washington law, it has been long-established that the pendency of an appeal does not affect the preclusive effect of a judgment rendered at the trial level. *Riblet v. Ideal Cement Co.,* 57 Wash.2d 619, 358 P.2d 975 (1961); *Kaufman v. Klain,* 69 Wash. 113, 124 P. 391 (1912).

▮ Here, plaintiff argues only that the criminal proceeding was not a full and fair adjudication because of certain errors made by the trial court. As noted above, however, the preclusive effect of a criminal conviction in a subsequent civil proceeding is especially strong because of the procedural protections

afforded criminal defendants. The criminal judgment rendered in state court precludes relitigation of the critical issue in this case—whether the fire was set by Mr. Martinez. Defendant's Motion For Summary Judgment Of Dismissal should be granted.

Defendant also argues that summary judgment is appropriate because plaintiffs stipulated to a dismissal in the event that Mr. Martinez was convicted of arson. Such a stipulation provides additional grounds for granting the motion.

Therefore, it is hereby

**ORDERED** that Defendant's Motion For Summary Judgment Of Dismissal is **GRANTED.** The case is **CLOSED.**