(69 N. W. Rep. 197.)

---

JOHN H. VAN DYKE *vs.* HUGH DOHERTY, *et al.*

Opinion filed November 20th, 1896.

**Demurrer to Answer—Form.**

A demurrer to an answer, under § 5277, Rev. Codes, need specify no particulars wherein the answer is insufficient. It is sufficient if such demurrer follow substantially the language of the statute.

**Answer Pleading Conclusions Only Demurrable.**

An answer which sets forth new matter, consisting of conclusions only, and pleads no probative facts upon which such conclusions are based, raises no issue of fact, and is vulnerable to a demurrer.

**Denial on Information Insufficient.**

A party may not deny an allegation in his adversary's pleading by stating that he "has not sufficient knowledge or information to form a belief thereon, and hence denies the same," when the means of full and positive information in the form of public records are readily accessible to him.

Appeal from District Court, Ransom County; *Lauder,* J.

Action by John H. Van Dyke against Hugh Doherty and others.

From a judgment sustaining a demurrer to his answer, defendant Doherty appeals.

Affirmed.

*Hugh Doherty*, for appellant.

*D. A. Lindsey*, for respondent.

BARTHOLOMEW, J. Action to foreclose a mortgage on real estate. The defendant Doherty, who was the original mortgagor, answered. To his answer a general demurrer was interposed. On the argument of the demurrer, the defendant attacks the original complaint. The court held the complaint good, and sustained the demurrer to the answer, and from such ruling the defendant appeals. The original mortgage was dated March 6, 1884, and secured a note of same date for $2,100, due in five years, with interest at 7 per centum per annum, interest payable on January 1st of each year. The complaint alleges that on July 22, 1889, plaintiff, by an instrument in writing, extended the time of payment of said note for another five years from March, 1889, (the time of its maturity,) and in January, 1894, in the same manner, granted another extension for one year from December 1, 1893.

It is urged that the complaint is bad because a portion of the time covered by the last extension was covered by the first, to-wit, from December 1, 1893, to March 6, 1894. If there be any merit in this objection to the complaint, we confess our inability to grasp it. The fact was that the time of the maturity of the note was extended to December 1, 1894; and whether that be said to be one year from December 1, 1893, or 8 months and 24 days from March 6, 1894, could make no possible difference with defendant, so far, as we can discover. The complaint also shows that during the second five years the interest was six per centum per annum, and after that time 7 per centum is claimed.

It is urged that the complaint is defective in not alleging that defendant agreed to those extensions of time, and the reduction of the rate of interest. But these things were manifestly in

defendant's favor, and his acceptance of them will be presumed; particularly when, as in this case, it conclusively appears that he took advantage of them.

The further objection to the complaint that it does not allege that no other proceedings have been had to collect the debt, as required by § 5869, Rev. Codes, proceeds upon a mistake of fact. The complaint does so allege in the exact words of the statute. The objections to the complaint were not well taken.

It is first urged that the demurrer to the answer is too general. Counsel makes his argument under § 5268, Rev. Codes, which relates only to demurrers to the complaint. His argument is of force under that section. But a demurrer to an answer is governed by § 5277, which declares that "a plaintiff may in all cases demur to an answer containing new matter when upon its face it does not constitute a counterclaim or defense." It is clear that the grounds for special demurrer enumerated in § 5268 cannot apply to an answer purely defensive in character, because such grounds—to-wit, want of jurisdiction, lack of legal capacity to sue, pendency of another action, defects of parties, and improper joinder of causes of action—cannot in their nature apply to such an answer. In this case plaintiff demurred to the answer, "on the ground that said answer is insufficient in law, upon the face thereof, to constitute a defense to the complaint herein." The new matter in this answer is purely defensive. There is no attempt to plead a counterclaim; and, while the demurrer is not identical in terms with the statute, it is identical in meaning, and clearly sufficient.

The answer is very voluminous. From it we learn that defendant originally made a written application to one Laughlin for a loan of $2,100, for a term of five years, at 10 per cent. interest. Laughlin sent the application to one Hodgson, a loan agent at St. Paul, who accepted the same, and agreed to make the loan. A check for $2,100, payable to defendant, was sent to Laughlin. Defendant indorsed the check, and returned it to Laughlin, who used the proceeds in purchasing Northern Pacific preferred stock

for defendant, and with which defendant purchased from the Northern Pacific Railroad Company the land upon which the mortgage was given. Laughlin retained $52.50 for his services, but we do not understand that any claim is made that this was not a proper charge against defendant. It appears from the answer that Hodgson completed the transaction, and it is admitted that the note and mortgage were given and extended as alleged, and that the same has not been paid except in the manner and to the extent as specially pleaded in the answer. It is alleged that when the papers were finally executed, instead of making a principal note of $2,100, with annual interest at ten per cent., and due in five years, such note drew only 7 per cent. annual interest, and two other notes were executed by defendant, both payable to one Day. These notes were for $150 and $165, respectively, making in the aggregate $315, or just 3 per cent. per annum on the principal note of $2,100 for five years. But these notes were payable, the first on January 1, 1885, and the second on January 1 1886; were of the same date as the principal note, to-wit, March 6, 1884; and drew interest at the rate of 12 per cent. per annum from date. It is claimed that the transaction was thus shaped by Hodgson to avoid the statutes against usury then existing, and that the contract was in fact usurious. But this is a mistake. The statute then in force permitted parties to contract for 12 per centum per annum, and did not purport in any way to regulate or control the form of the contract. A calculation will demonstrate that on no theory can it be claimed that the defendant paid as much as 12 per cent. per annum upon his indebtedness. The transaction was not usurious. But it is iterated again and again that the transaction was a fraud on the defendant; that the relations between Hodgson, Day, and Van Dyke were not revealed to defendant; that, in fact, Hodgson was interested in the loan; that defendant would not have executed the papers as he did, did he know of such interest; that Hodgson, Day, and Van Dyke contrived to place defendant in a position where he would be a loser if the loan was not consum-

mated, and then Hodgson insisted on different and more onerous terms than specified in the original application for the loan. It will be noticed that these allegations are conclusions merely. No probative facts are set forth. Nothing is shown to indicate to a court that any fraud was practiced on defendant. It may be true that by some arrangement between Hodgson, Day, and Van Dyke, Hodgson had an interest in the loan. He certainly was interested to the extent of his commissions. But, whatever his interest may have been, it could not affect defendant's rights to refuse to consummate the loan on terms different from these contained in his application. In dealing with Hodgson as agent, defendant's rights were in no manner curtailed. Nor is there any fact pleaded from which a court can see that defendant would have been a loser by not consummating the deal. So far as disclosed, the facts are all the other way. The money had been advanced, the stock purchased for defendant, and the land bought from the railroad company, with the stock, by defendant, before he could mortgage it. He seems to have been in shape to dictate terms to Hodgson, and not Hodgson to him, so far as the facts set forth in his answer fix their relations. When he executed the papers, defendant knew exactly what they were, and knew that they were not strictly within the terms of his original application. But the parties had the legal right to vary from that application, and make the contract just as they did make it; and defendant can be released from its obligations only by showing fraud or mistake, neither of which is properly pleaded in this answer.

Another attempted defense, when stripped of its circumlocution, is, in substance, this: At the time the original principle note matured, to-wit, March 6, 1889, defendant was ready and willing to pay the same according to its terms, but that plaintiff refused to receive the same unless defendant would repay a certain interest installment which he had already paid, but which payment was denied by plaintiff; and foreclosure proceedings were threatened unless payment was made as demanded, and, to

prevent such foreclosure proceedings, defendant renewed the note for another term of five years. The utter futility of this statement is apparent on its face. If defendant was prepared to pay the amount due, as alleged, he had but to make and preserve a proper tender thereof, and he had an absolute defense to all foreclosure proceedings.

The complaint alleges payment of certain taxes on the mortgaged land, and seeks to recover such amounts, and also asks an attorney's fee of $100, as provided in such mortgage. It is claimed that the answer denies these items, and hence the demurrer was improperly sustained. The answer says: "This defendant has no knowledge or information sufficient to form a belief as to a payment of taxes by plaintiff for this defendant, as set forth in the complaint herein, and therefore denies the same." The mortgaged property is situate in Ransom County. The defendant is an attorney at law located and doing business at the county seat of the said county. The public records of the county furnished the evidence that would demonstrate to a certainty whether plaintiff had or had not paid the taxes. With this means of positive information open before him, a party is not permitted to say that he has no knowledge or information sufficient to form a belief. While the statute authorizes a denial in that form, yet it requires good faith and honesty of purpose; and it cannot be tolerated that a party may shut his eyes to information thrust before them in order to be technically able to say that he has no such information. *Russel & Co.* v. *Amundson*, 4 N. D. 112, 59 N. W. Rep. 477, and authorities cited on page 117, 4 N. D., and p. 479, 59 N. W. Rep. Such a denial must be disregarded. There is no denial whatever that the mortgage provides for the attorney's fee as claimed; but it is alleged that the attorney's fees are fixed by statute, and are a part of the costs. This is simply pleading the law, and raises no issue of fact.

Lastly, it is claimed that there is a general denial of all allegations in the complaint not specifically admitted, qualified, or explained. But holding, as we must, that the attempted qualifi-

cations and explanations of certain admitted allegations are ineffective and futile, every material allegation necessary to enable plaintiff to recover stands admitted. The answer was clearly insufficient, and the demurrer properly sustained.

Affirmed. All concur.