FRED E. MILES *vs.* UNITED BOX BOARD CO.

Penobscot.    Opinion July 6, 1911.

*Waters and Watercourses.   Flowage.   Pleading.   Presumptions.*

Whether a complaint for flowage shows a prescriptive right in defendant to maintain the height of water occasioning the damage sought to be recovered, so as to be demurrable, is to be determined by the rules of pleading in equity.

A grant of a flowage right is presumed after twenty consecutive years of flowage, with appreciable damage in each year, without damages paid to ·or claimed by the party aggrieved; but when no damages have followed the flowing grant as presumed only when the flowing has been adverse.

On exceptions by plaintiff.    Overruled.

Complaint for flowage, to which a general demurrer was filed and joined.    The presiding Justice pro forma sustained the demurrer, and the plaintiff excepted.

The case is stated in the opinion.

*W. H. Mitchell*, for plaintiff.

*Norman L. Bassett*, for defendant.

SITTING :   SPEAR, CORNISH, KING, BIRD, HALEY, JJ.

BIRD, ·J.    This complaint for flowage comes before this Court upon exceptions to the pro forma ruling of the presiding Justice sustaining defendant's demurrer to the complaint.    The ground of demurrer relied upon is that the allegations of the complaint show a prescriptive right in defendant to maintain the height of water occasioning the damages sought to be recovered.    The question is to be determined by the rules of pleading in Equity :   *Moor* v. *Shaw*, 47 Maine, 88, 90.

We think the complaint does set out maintenance of the dam with flowage in each of twenty-one consecutive years with appreciable damage to complainant.

The objection of complainant that such flowing is not alleged to be adverse is not tenable.  A grant is presumed after twenty consecutive years of flowage with appreciable damage in each year without damages paid or claimed by the party aggrieved.  But when no damages have followed the flowing, a grant is presumed only when the flowing has been adverse.  *Prescott* v. *Curtis*, 42 Maine, 64, 71 ; *Augusta* v. *Moulton*, 75 Maine, 284, 286 ; *Foster* v. *Improvement Co.*, 100 Maine, 196, 199, 201.

Matter in bar can be taken advantage of by demurrer when it is stated without sufficient avoidance in the bill itself.  *Tappan* v. *Evans*, 11 N. H. 311; *Post* v. *Beacon Vacuum, etc., Co.*, 89 Fed. 1.  See also *Mooers* v. *K. & P. R. R. Co.*, 58 Maine, 279, 280-1 ; *Baker* v. *Atkins*, 62 Maine, 205, 209.

The entry must therefore be,

*Exceptions overruled.*
*Demurrer sustained.*