## HALLOCK v. DILLON et al.

(Supreme Court, Trial Term, Allegany County.　January, 1912.)

1. JUSTICES OF THE PEACE (§ 75*)—ISSUES AFFECTING TITLE TO LAND—UN-
DERTAKING BY DEFENDANT.
　　Under Code Civ. Proc. §§ 2951, 2952, requiring a defendant in justice's
court, who shows that title to real property will come in question, to de-
liver to the justice an undertaking conditioned on his giving, within 20
days after deposit by plaintiff with the justice of a summons and com-
plaint in a new action in the proper court, a written admission of serv-
ice, a defendant has all of the 20 days in which to make a written ad-
mission of service, which is tantamount to personal service as of the day
when the admission is given, and where the admission is made within 20
days after deposit he has full 20 days from the date of the admission in
which to plead in defense.
　　[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§
243–245; Dec. Dig. § 75.*]

2. PLEADING (§ 193*)—COMPLAINT—REQUISITES.
　　A complaint, which sets forth facts constituting a cause of action and
facts constituting a valid defense, must be considered as a whole and is
bad on demurrer.
　　[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 428–443; Dec.
Dig. § 193.*]

Action by Charles M. Hallock against William Dillon and others.
Demurrer to complaint sustained.

George H. Blackman, for plaintiff.
Francis B. O'Connor, for defendants.

WHEELER, J.　On the 1st day of June, 1911, the plaintiff in this
action commenced an action in justice's court, before Frank M.
Leonard, a justice of the peace of the town of Wellsville, N. Y.,
against the above-named defendants William Dillon and Moses D.
Kibbie.　The summons was made returnable on the 12th day of June,
1911, at 10 o'clock in the forenoon, and was returned to the justice
personally served on both defendants.

On the 12th day of June, 1911, the return day of the summons, the
plaintiff appeared in person and by his attorney, George H. Black-
man, and filed with the justice a written complaint alleging trespass
on land.　On the 17th day of June, 1911, the defendants appeared in
person and by their attorney, Francis B. O'Connor, and filed sep-
arate answers, each pleading title to land by user; and each defend-
ant's answer was countersigned by the justice of the peace and de-
livered to plaintiff's attorney, and the defendants delivered to the
justice an undertaking which was approved by him, and the action
was discontinued by the justice of the peace, and the plaintiff was
required to pay his own costs.　The condition of the undertaking filed
with the justice of the peace by the defendants is:

"That if the plaintiff above named, within 20 days after the delivery of
the answer in the above-entitled action and this undertaking, to the justice
before whom this action is pending, deposits with said justice a summons
and complaint in a new action for the same cause to be brought in the proper

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

court, the defendants will within 20 days after the deposit of such summons and complaint give a written admission of the service thereof."

On the 21st day of June, 1911, the plaintiff deposited with Frank M. Leonard, the justice of the peace before whom the other action was pending, a summons and complaint in a new action in the Supreme Court against the defendants William Dillon and Moses D. Kibbie, for the same cause of action alleged before the justice. On the 8th day of July, 1911, Frank M. Leonard, the justice of the peace before whom the action in justice's court was commenced and discontinued, left with the plaintiff's attorney, at his office, a purported admission of service of a summons and complaint, of which the following is a copy:

"State of New York. Supreme Court, County of Allegany.

"Charles M. Hallock, Plaintiff, v. William Dillon and Moses D. Kibbie, Defendants.

"I hereby admit due and legal personal service of the summons and complaint, in the above-entitled action, on me this 8th day of July, 1911, at Wellsville, N. Y., by delivering to and leaving with me a copy thereof.

"Wm. Dillon, Defendant.

"I hereby admit due and legal personal service of the summons and complaint, in the above-entitled action, on me this 8th day of July, 1911, at Wellsville, N. Y., by delivering to and leaving with me a copy thereof.

"Moses D. Kibbie, Defendant."

The attorney for the plaintiff stated to said Leonard that the admission of service was not such an admission as was required by statute, and that it was refused, but Leonard left the paper on the desk of the plaintiff's attorney. The paper was immediately returned to Frank M. Leonard, by mail, with the following indorsement upon it:

"To Frank M. Leonard, Justice of the Peace:

"I herewith return to you, the within admission of service of the summons and complaint, in the within entitled action, for the reason that the admission of service does not comply with the provisions of section 2951 to section 2959. both inclusive, of the Code of Civil Procedure, in this, the summons and complaint was deposited with Frank M. Leonard, the justice of the peace before whom the action was brought in justice court, on the 21st day of June, 1911, and the admission of service of the summons and complaint, is, that the service was made on the 8th day of July, 1911.

"George H. Blackman, Attorney for Plaintiff.

"Dated July 10, 1911."

[1] The plaintiff thereupon began this action, upon the undertaking given by the defendants when the cause was removed from the jurisdiction of the justice of the peace. All the facts above recited are set forth in the plaintiff's complaint. The defendants demur on the ground the complaint fails to state a cause of action. The contentions of the respective parties, stated in a nutshell, are these: The plaintiff contends that the defendants had no right to give an admission of service as of the 8th day of July, but should have admitted service generally, and that the admission then related back, as of the time the summons and complaint were deposited with Justice Leonard on the 23d day of June, 1911. The argument made is that there must be a strict compliance with the requirements of section

2952 of the Code of Civil Procedure, and that the admission of service given is not such compliance, and therefore the plaintiff had the right to enforce the penalty of the undertaking given.

Section 2952 of the Code of Civil Procedure reads:

"In the case specified in the last section, the defendant must also deliver to the justice, with the answer, a written undertaking, executed by one or more sureties, approved by the justice; to the effect that if the plaintiff, within twenty days thereafter, deposits with the justice a summons and complaint in a new action, for the same cause, to be brought in the proper court, as provided in the next section, the defendant will, within twenty days after the deposit, give a written admission of the service thereof."

There is a clear distinction, the *deposit* of a summons and complaint with the justice, and the *admission of service* thereof.

The deposit of the summons and complaint does not commence the action, or confer jurisdiction on the court over the parties defendant. It is only the admission of service which gives the court jurisdiction in the new action brought in the higher court. It is the evident intent of the Code to provide a method for the voluntary appearance of the defendants in the new action, and the undertaking given provides they will so appear by giving "a written admission of the service thereof" (i. e., of the summons and complaint) *"within twenty days after the deposit."* The defendants had all of the 20 days in which to do this. There is not a thing in the section saying such admission shall be as of the day of deposit. On the contrary, we are of the opinion that the fair import and construction of the section is that the admission of service required is simply *tantamount to personal service as of the day when the admission is given*, and if made within 20 days after deposit is timely, and the defendants would have full 20 days from the date of such admission service in which to plead in defense.

This view of the matter necessitates that the demurrer be sustained.

[2] Where the complaint sets forth facts constituting a cause of action, and also facts which constitute a valid defense to the action, the whole must be considered, and a demurrer will be sustained. Calvo v. Davies, 73 N. Y. 211, 29 Am. Rep. 130.

Demurrer sustained, with costs, with leave to plaintiff to amend upon the payment of said costs.

