WALKIN, Respondent, v. NOKKEN, Appellant.

(161 N. W. 194.)

(File No. 3870.   Opinion filed February 3, 1917.  Rehearing denied March 22, 1917.)

1. **Vendor and Purchaser—Vendor to Convey, Though Not Owner, to Vendee's Knowledge, Effect on Contract.**

   A contract by a vendor who is not owner of the realty, to convey by warranty deed, is binding on vendee, if he knows vendor is not the owner.

2. **Specific Performance—Pleading—Contract by Vendor to Convey— Title Through Third Party—Complaint, Failure to Allege Grantee's Name, Sufficiency.**

   A complaint in a suit for specific performance of a contract for the sale and conveyance of land, alleging that plaintiff agreed to convey the land to defendant, but that plaintiff was not the owner, but contemplated procuring same, to the knowledge of defendant, for the purpose of complying with the contract on his part, but which further alleges that an abstract of title was delivered to defendant showing clear title in a third person, and that plaintiff had procured a warranty deed to said land from said third person, and was able and willing to convey, etc., is insufficient, and is indefinite and uncertain wherein it fails to allege who was the grantee in said deed; since, if plaintiff was such grantee, he did not furnish a sufficient abstract; which latter showed only a good title in the third party, and not in plaintiff, while if the deed tendered was from the third party to the defendant, the grantee was not required to accept it under the contract.

3. **Pleadings—Complaint, Indefinite and Uncertain—Remedy, Other Than Demurrer.**

   Where, in a suit for specific performance, the complaint is indefinite, wherein it fails to allege the name of the grantee in a deed procured by vendor from a third person and which was tendered under the contract, held, that the proper remedy for such defect is not through demurrer, but by motion to make the complaint more definite and specific.

   McCoy, J., concurring in the result only.

Action by John Walkin, against E. O. Nokken, for specific performance of a contract for conveyance of realty.   From an

order overruling the demurrer to the complaint, defendant appeals. Affirmed.

See, also, Weitzel v. Leyson, 23 S. D. 367.

*Tore Teigen,* for Appellant.

*Krause & Krause,* for Respondent.

(1) To point one of the opinion, Appellant cited: Maupin on Marketable Titles, *193;* George v. Conhim, 38 Minn. 338, 37 N. W. 791. .

(2) To point two of the opinion, Appellant cited: Kennedy v. Hazelton, 128 U. S. 667, 32 L. Ed. 576; Maupin on Marketable Title, Secs. 193, 281, 6; Day v. Cole, 56 Mich. 294; Cooper v. Pena, 21 Cal. 403; Civ. Code, Sec. 2340.

Respondent cited: Weitzel v. Leyson, (S. D.) 121 N. W. 869; 9 Cyc., Text to note 25, p. 330; 9 Cyc. 333, under title "Mutuality Subsequently Present"; 36 Cyc., Text to note 66, p. 695; 39 Cyc. 1206-7, 1213; Dresel v. Jordan, 104 Mass. 407.

SMITH, J. Action for specific performance of a contract for conveyance of real estate. The contract is identical in all material parts with one construed by this court in Weitzel v. Leyson, 23 S. D. 367, 121 N. W. 868. The appeal is from an order overruling a demurrer to the complaint. The contract is made a part of the complaint. The complaint alleges:

"2. That the said land was not, at the date of said contract, the property of the plaintiff, but that he contemplated procuring the same as was then well known to the defendant, for the purpose of carrying out the terms of the said contract on his part; that the plaintiff did thereupon procure Samuel F. Spencer the then owner of said land, to approve the said contract of the sale thereof, and so informed the defendant, and did proceed to and did perfect the title to said land; and did thereafter, on or about November 25, 1914, procure a duly certified abstract showing clear and perfect title of said land in the name of said owner, and did cause said abstract to be delivered on said date to the defendant, who thereupon caused the same to be examined by his attorney, * * * and the said attorney * * * pronounced the title to said land clear and perfect in the said Samuel F. Spencer, of which the defendant was then and there advised; and the plaintiff had .at the same time also procured the duly executed and duly acknowleged warranty deed of the said Samuel F. Spencer for the said

land, and was then and there on November 27th ready, able and willing to convey said land to the defendant and so informed him, * * * but that the defendant then and there refused to carry out the terms of the said contract on his part, * * * and positively refused to accept or receive plaintiff's conveyance of said land, or to make payment and settlement for the same as provided by the said contract."

"3. That said plaintiff has done and performed all the terms of said contract on his part; that he has ever since been and still is ready, able and willing to perform the said agreement, and so offers to do. * * *"

[1] This court is unable to agree as to the meaning or effect of the allegations in this complaint. The contract made a part of the complaint recites the payment of $250 as "earnest money and in part payment of the following described property * * * which I have this day sold and agreed to convey to said E. O. Nokken * * *" The contract is signed by John Walkin and his signature is followed by a separate paragraph signed by E. O. Nokken, by which Nokken agrees to purchase the land for the price and upon the terms "above mentioned." The complaint alleges that plaintiff procured the approval of Samuel F. Spencer, the owner of the land, to the contract and the sale of said land. The plaintiff, under the terms of the contract, binds himself to convey by a warranty deed, as grantor. Such a contract is binding if the purchaser knows that his vendor is not the owner, and such knowledge is alleged in the complaint and admitted by the demurrer. Weitzel v. Leyson, 23 S. D. 367, 121 N. W. 868.

[2, 3] The complaint alleges that plaintiff procured Samuel F. Spencer the owner of the land, to execute and acknowledge a warranty deed, but does not name the grantee in the deed. Was the plaintiff such grantee? We are unable to determine from the allegations of the complaint. If plaintiff was such grantee, it is clear that he has not furnished a sufficient abstract, for the only allegation in the complaint is that the abstract tendered showed only a good title in Spencer, the owner of the land, and not in plaintiff. If the deed tendered was from Spencer to Nokken, the latter was not required to accept it, being the deed of a third person and not that of plaintiff as required by the contract. As to this vital fact, the complaint is wholly indefinite and

uncertain, and neither the trial court nor this court should be required to guess what the facts may have been. The proper remedy for such a defect is not through a demurrer, but by motion to make the complaint more definite and specific. Dunlap v. C., M. & St. P. Ry. Co., 32 S. D. 581, 144 N. W. 226; Sogn v. Koetzle, 160 N. W. 520.

For this reason the demurrer was properly overruled, and the order of the trial court is affirmed.

McCOY, J. I concur in the result only.