[File No. 6898]

CLARA JACOBSON, Appellant, v. MUTUAL BENEFIT HEALTH and ACCIDENT ASSOCIATION, a Corporation, Respondent.

(11 NW(2d) 442)

Opinion filed September 28, 1943.   Rehearing denied November 5, 1943

*J. K. Murray,* for appellant.

*Zuger & Zuger,* for respondent.

BURR, J. This proceeding seems to be inspired by Banquo's ghost, for here we have an appeal from an order sustaining a demurrer to a complaint, which sets forth that in January, 1928, one Henry J. Jacobson was insured by the defendant company against loss of life by accident, that he died July 23, 1938, that action was heretofore brought upon the policy, recovery had thereon, the judgment paid, and now the matter appears in this court for the fourth time.

In 69 ND 632, 289 NW 591, a judgment in favor of the plaintiff was reversed and a new trial ordered. In 70 ND 566, 296 NW 545, the matter came before us after the new trial and in the decision therein all of the pertinent facts are set forth with particularity. Therein the plaintiff here recovered judgment for loss of life by accident, in the full amount she demanded under the policy, with interest, and the judgment rendered was affirmed by this court.

When the remittitur was received by the district court, upon the affirmance of the judgment, plaintiff here moved the court for an amendment of the amount recovered in the action and set forth in the judgment, because of her failure to include in her complaint the additional sum now made the basis for the action here. The trial court granted the motion and upon appeal the trial court was reversed. Jacobson v. Mutual Ben. Health & Acci. Asso. 71 ND 542, 3 NW(2d) 239.

The plaintiff thereupon commenced this action and in her complaint alleged among other things:

"5. That on the 17th day of October, 1938, the Plaintiff did commence an action . . . for a recovery of Part A of said policy, to-wit: the sum of $2000.00 for loss of life; . . . recovered a judgment for said sum, which was duly paid by the Defendant, but in accepting payment and giving satisfaction of said judgment, the Plaintiff did in said written satisfaction reserve all rights of recovery under said policy of insurance upon Part B thereof; that this present action is for the recovery of the sum of $1800.00 under Part B of said policy; that at the time the Plaintiff brought said action under Part A only, under said policy, and at all times since both the Plaintiff and her attorney at the time of bringing the first action were ignorant of the facts in regard to the constituent elements of her causes of action, . . . were ignorant of the true amounts or items of her claim, and . . . at all times herein mentioned up until the judgment was satisfied were ignorant of the full extent of the wrong received and injuries done to her; that . . . ignorance . . . of what was omitted in her first cause of action herein mentioned, was due to a fraudulent concealment thereof by the Defendant; that such fraudulent concealment thereof by the Defendant consisted of the following facts among others:

"(a) The said insurance policy was so drafted and framed so as to make it appear to the ordinary reader thereof that the total amount that the beneficiary could recover for loss of life was $2000.00. This feature is incorporated under Part A of said policy; that Part B of said policy which provides an additional payment of $200.00 for each year's renewal of said policy, there shall be added the sum of $200.00 to the death benefit; that this feature of said policy, . . . is so smoke-screened and camouflaged by the heading of Part B, so as to lead the ordinary reader to believe that Part B did not modify Part A.

"(b) That . . . from the beginning of the litigation to the end thereof, the Defendant well knew that the Plaintiff if entitled to anything, was entitled to recover for nine premiums paid after the first year, and well knew that if she was entitled to recover $3800.00 instead of $2000.00 but notwithstanding that fact, the said Defendant fraudulently remained silent and never intimated to either the District Court or the Supreme Court of said provision of said policy, nor did the Defendant ever intimate to the Plaintiff or her attorney the existence of

Part B in said policy; that the Defendant well knew that the Plaintiff's elimination of said Part B in said other action was due to ignorance of the existence of Part B, and that same was omitted from said other action by reason of the fraudulent concealment and silence of the Defendant insurance company; that the Defendant's attorney never knew from the beginning of the action until the judgment was satisfied of the existence of Part B in said policy; that the Defendant fraudulently concealed the matter from its attorney; that in so far as the attorney for the Defendant and the attorney for the Plaintiff is concerned there existed a mutual mistake as to the existence of Part B of said policy; that said Part A and Part B are two separate promises; that both the Plaintiff and her attorney at all times used due diligence to ascertain the amount she could recover under said policy; that by reason of the fraudulent character and frame-up of the policy, both the Plaintiff and her attorney were misled as to the true amount she was entitled to recover under said policy, all of which was due to the fraudulent conduct and action of the Defendant, as aforementioned."

The policy is attached to and made a part of the complaint.

The defendant demurred on the ground: "That the facts alleged in said complaint are insufficient to constitute a cause of action against this defendant." The court sustained the demurrer and the plaintiff appeals.

Under the demurrer two propositions were advanced: "That the plaintiff is barred by contractual limitation on the time for filing suit" and "that plaintiff is barred by a former judgment," or, as appellant states it:

"1. That Plaintiff's claim is barred by the limitation provision in the policy, as to time of bringing action.

"2. That the matter involved in this action has been adjudicated in a prior action."

The first page of the policy sets forth, in 24 point Italic type, one quarter of an inch high, the amount of monthly benefits and of death benefit and the amount of maximum monthly death benefit.

| "Monthly Benefits .. $100.00 | Death Benefit ....... $2,000 |
| "Maximum Monthly | Maximum Death Bene- |
| Benefits ......... 200.00 | fit .............. 4,000 |

Immediately following, it sets forth in 10 point black face type:
"Accident Indemnities"
"Specific Losses"

"PART A.

"If the Insured shall, through accidental means, sustain bodily injuries . . . and result in any of the following specific losses . . . the Association will pay:

"For Loss of Life ......................... $2,000.00
"  ..............
"  ..............
"  ..............

"PART B.   ANNUAL INCREASE TWO HUNDRED DOLLARS
PER YEAR."
(1/8 inch high, black face)

"After the first year's premium has been paid, each year's renewal of this policy shall add Two Hundred Dollars to the death benefit until the same amounts to Four Thousand ($4,000.00) Dollars."

"Part B" is written immediately after "Part A," with the same prominence, and in 10 point light face type.   Thus, the amount recoverable for loss of life is stated in "Part A," and "Part B" immediately thereafter shows the amount to be added to death benefits for each year's renewal of the policy until the total amount reaches $4,000.00.

In the action set forth in 69 ND 632, 637, 289 NW 591, 593, the plaintiff sought to recover under this policy.   The defense in that case, as shown in the opinion rendered, was that there was no liability whatever under the policy.

The complaint here admits there was a prior action by the same plaintiff, against the same defendant upon the same contract, for the same accident, with complete settlement of that judgment obtained therein for all she demanded in her complaint; and to avoid the principle of res judicata she sets forth in her complaint the alleged reasons why she failed to include in the former action a demand for recovery under what is known as "Part B" of the contract.

As stated in Dennis v. Pease, 61 ND 718, 240 NW 611:   "A judgment rendered by a court having jurisdiction of the parties and subject-

matter is conclusive of the rights of the parties in all other actions or suits between the same parties in the same or any other tribunal of concurrent jurisdiction, as to all questions or facts put in issue in the suit and actually adjudicated therein." See also Kallberg v. Newberry, 43 ND 521, 170 NW 113. The "facts put in issue and actually adjudicated" in the former suit were the liability of the defendant under the policy of insurance, and the amount she was entitled to thereunder.

It is clear from the complaint that plaintiff has divided her cause of action. She recovered for part of what was due her under the contract—the portion due under "Part A." Her cause of action was her right, under the insurance policy, arising because of the death of her husband. The term "cause of action" is defined in Noonan v. Pardee, 200 Pa 474, 482, 50 A 255, 256, 55 LRA 410, 411, 86 Am St Rep 722, 725, as "that which produces or affects ('effects' according to the Atlantic and LRA) the result complained of." It is "that which creates the necessity for bringing the action." Brevick v. Cunard S.S. Co. 63 ND 210, 213, 247 NW 373, 375. It is the claim which the plaintiff has under the contract. According to plaintiff, defendant breached its contract of indemnity when it refused to pay, and as stated in Collins v. Gleason, 47 Wash 62, 67, 91 P 566, 567, 125 Am St Rep 891: "For one breach of an indivisible contract there can arise but one cause of action, and, if in such action the plaintiff does not demand the entire relief to which he is entitled, he cannot afterwards complain."

The term "cause of action" and the term "claim" are substantially synonymous. People's Mercantile Co. v. Farmers' Cotton Finance Corp. 38 NM 237, 239, 31 P(2d) 252, 253. See also Riddoch v. State, 68 Wash 329, 123 P 450, 451, 42 LRA(NS) 251, 253, Ann Cas 1913E 1033.

It is a familiar doctrine "that causes of action may not be divided, and that one who has availed himself of a part of a single claim or obligation in an action or defense is estopped thereafter from enforcing the remainder of it." John Miller Co. v. Harvey Mercantile Co. 45 ND 503, 513, 178 NW 802, 806. See also Klinkert v. Streissguth, 155 Minn 388, 193 NW 687; Peper Auto. Co. v. St. Louis Union

Trust Co. (Mo App) 187 SW 109; Fields v. Philadelphia Rapid Transit Co. 273 Pa 282, 117 A 59; Kinsey v. Duteau, 126 Wash 330, 218 P 230. In the latter case it is said: "A party cannot in one action sue for a part of that to which he is entitled, and in a subsequent action sue for the remainder, when the right of recovery rests on the same state of facts." See also Kline v. Stein, 46 Wash 546, 90 P 1041, 123 Am St Rep 940.

However, there are exceptions to this general rule, and plaintiff seeks to avail herself of some of these exceptions. In Hyyti v. Smith, 67 ND 425, 272 NW 747, we held that "where an item of a single cause of action is omitted from the complaint in an action brought to recover thereon, by reason of fraud of defendant, the judgment in such action is not res adjudicata as to the omitted item. . . ."

There need be no argument concerning this principle. It is founded on ethics and equity. But the citation has no bearing on this case. No fraud is shown by the allegations of the complaint. The allegations in the complaint as to the "smoke-screening and camouflaging" of "Part B" of the policy dealing with increased benefits are without probative value. Mere statement that fraud was committed is an opinion. In pleading fraud facts, not conclusions, must be stated (New Bank v. Kleiner, 112 Wis 287, 292, 87 NW 1090, 1091) which, if true, constitute fraud. Van Dyke v. Doherty, 6 ND 263, 267, 69 NW 200, 201. Here the pleader sought to establish fraud as a defense and this court said, "It will be noticed that these allegations are conclusions merely. No probative facts are set forth." A general allegation of fraud is not sufficient. "The specific facts constituting the alleged fraud must be set forth particularly." Bergen Twp. v. Nelson County, 33 ND 247, 251, 156 NW 559, 560. "Fraud may not be alleged generally, but the ultimate facts constituting fraud should be specifically alleged with reasonable certainty . . . ." Lovejoy v. Title Guarantee & T. Co. 138 Cal App 211, 31 P(2d) 1074. See also Travelers' Protective Asso. v. Gilbert (CCA 8th) 111 F 269, 55 LRA 538.

The complaint sets forth no fraud on the part of the defendant. The allegation that the defendant was guilty of fraud because it remained silent as to the amount which could be recovered against it does not show fraud. There is nothing in the complaint which shows the plain-

tiff was in any way misled by word or action on the part of the defendant or defendant's counsel. Neither is there anything whatever in the complaint to indicate any fraudulent concealment by the defendant of any provisions in the policy, despite the allegation therein.

Another assumed exception to the general rule urged by plaintiff is that of "mutual mistake of fact." There is no showing of mutual mistake of fact in this case. It was oversight or negligence, for the policy contract is explicit and full.

The complaint alleges that the plaintiff and her counsel, at the time of bringing the former action, were ignorant "of the facts in regard to the constituent elements of her causes of action," and "were ignorant of the true amounts or items of her claim," and "were ignorant of the full extent of the wrong received and the injuries done to her." The injury she sustained was the death of her husband. She sought to recover on this policy as insuring him against death through accident. Apparently she neglected to read "Part B" in calculating the amount of the recovery to which she would be entitled, in case she could recover at all.

When we consider the policy and the complaint, it is very clear that the failure to include the item of $1,800.00 in the former action was due solely to neglect, not in any way induced by the defendant, nor by the format of the policy.

Plaintiff places great reliance on Vineseck v. Great Northern R. Co. 136 Minn 96, 161 NW 494, 2 ALR 530, where the court lays down the rule: "Where an item of a single cause of action is omitted from the complaint in an action brought to recover thereon by reason of the fraud of defendant, or the clearly established mutual mistake of the parties, the judgment in such action is not res judicata as to the omitted item." In this case cited the court found (as this court did in Hyyti v. Smith supra) that the omission was caused by the fraud of the defendant, but this Minnesota decision also deals with the question of mutual mistake. In dealing with both of these exceptions, the court says (2 ALR 534): "The showing made in this respect must be clear and satisfactory . . . .. If plaintiff had the means at hand to ascertain and learn the true condition—and he negligently failed to avail himself thereof, he must fail in the action, for the neglect to present

the claim in the former action must appear to have been due solely to the fraud of defendant. Macon & A. R. Co. v. Garrard, 54 Ga 327. *What has been said would apply also to a clearly established mutual mistake."*

In the case at bar the allegations of the complaint fail to establish any kind of a *mutual mistake.* The complaint shows whatever mistake was made was caused by the oversight or negligence of the plaintiff herself and so far as the allegations of fraud are concerned they amount to nothing.

But plaintiff urges the question of res judicata cannot be raised by demurrer. Ordinarily, res judicata is a defense to be raised by answer. Borden v. McNamara, 20 ND 225, 127 NW 104, Ann Cas 1912C 841. But conditions arise where such rule is not applicable. That the complaint fails to state facts sufficient to constitute a cause of action is one of the statutory grounds for demurrer, (subdiv. 6, § 7442, N. D. Comp. Laws) and is the ground stated here though not as felicitously as set forth in the statute. But the form used is similar to the one used in Van Dyke v. Doherty, 6 ND 263, 69 NW 200, supra, and which was held therein to be sufficient.

The "failure to state facts" is measured by the allegations of the complaint. The "facts" stated comprise the whole body of facts set forth. The failure to state a cause of action is not confined to mere omission, but may be demonstrated by affirmative statements in the complaint. If the pleader sets forth facts that show affirmatively he has no cause of action then the complaint fails to state a cause of action. As stated in Tappan v. Evans, 11 NH 311: "When matter, in bar of the relief sought, is apparent on the face of the bill, the defendant may demur. If the matter of defence is not apparent upon the bill itself, the defendant, if he means to take advantage of it, ought to show it either by plea or answer."

The Supreme Court of Maine in Miles v. United Box Board Co. 108 Me 270, 80 A. 706, puts it thus: "Matter in bar can be taken advantage of by demurrer when it is stated without sufficient avoidance in the bill itself." Hallock v. Dillon, 75 Misc 292, 132 NYS 796, states the rule succinctly as follows: "A complaint, which sets forth

facts constituting a cause of action and facts constituting a valid defense, must be considered as a whole and is bad on demurrer." See also note III b and III b footnote 7, 120 ALR 84, 85, and cases cited.

This rule is clearly foreshadowed in our own decisions. In Beyer v. North American Coal & Min. Co. 32 ND 542, 549, 156 NW 204, 206, we state: "The plea of res judicata should be raised by answer, and not by demurrer, *unless the fact and the nature of the prior adjudication appear on the face of the complaint.*" In Wickum v. Arneson, 63 ND 594, 596, 249 NW 709, we refer to this general rule and approve the doctrine laid down in the Beyer Case.

The district court was correct in sustaining the demurrer to the complaint and this disposes of the case presented to us. Hence, we need not pass upon the other proposition raised by defendant that the "plaintiff is barred by contractual limitation on the time for filing suit." The judgment of the district court is affirmed.

MORRIS, Ch. J., and CHRISTIANSON, BURKE and NUESSLE, JJ., concur.