2014 ND 38

**Peter F. ZAVADIL and Kathleen A. Zavadil, Plaintiffs and Appellees**

v.

**Jon RUD and Hollie Rud, Defendants.**

**Jon Rud, Appellant.**

**No. 20130182.**

Supreme Court of North Dakota.

Feb. 18, 2014.

Timothy G. Richard and Kasey D. McNary, Fargo, N.D., for plaintiffs and appellees; submitted on brief.

Jonathan T. Garaas, DeMores Office Park, Fargo, N.D., for appellant.

CROTHERS, Justice.

[¶ 1]   Jon Rud appeals from a summary judgment awarding Peter and Kathleen Zavadil $33,490.19 in their action to recover on a promissory note.  We affirm, concluding the district court did not err in ruling no genuine issues of material fact exist and the Zavadils are entitled to judgment as a matter of law.

I

[¶ 2]   The Zavadils allege they loaned Jon and Hollie Rud $32,000 under an April 2008 verbal agreement.  The loan was to be repaid when the Ruds sold their home or within six months.  When the Ruds failed to repay the loan, the Zavadils agreed to renew and extend the original verbal loan agreement.  On May 14, 2009, the Ruds executed a third mortgage on their property in favor of the Zavadils, and on July 10, 2009 the Ruds executed a promissory note for $32,000 plus interest due and payable to the Zavadils on July 15, 2010.  The Ruds divorced in June 2009, between executions of the third mortgage and the promissory note.

[¶ 3] The Zavadils sued the Ruds to foreclose the third mortgage after the Ruds failed to make all payments required under the promissory note. Wells Fargo Bank subsequently brought an action against the Ruds, the Zavadils and others to foreclose its first position mortgage on the property. The Zavadils admitted their third mortgage was subordinate to the bank's mortgage on the property and stipulated to dismissal of their foreclosure action against the Ruds.

[¶ 4] The Zavadils then commenced this action against the Ruds seeking repayment under the terms of the promissory note. The Zavadils stated in their complaint that they waived the right to foreclose the third mortgage granted by the Ruds to secure the note. A default judgment was entered against Hollie Rud for $36,068.79. Following discovery, the Zavadils moved for summary judgment against Jon Rud. The district court granted the motion, concluding no genuine issues of material fact existed and the Zavadils were entitled to judgment as a matter of law. Judgment was entered against Jon Rud in the amount of $33,490.19.

II

[¶ 5] Jon Rud argues the district court erred in granting summary judgment in favor of the Zavadils.

[¶ 6] The standard of review for summary judgments is well-established:

"Summary judgment is a procedural device used to promptly resolve a controversy on the merits without a trial if either party is entitled to judgment as a matter of law and the material facts are undisputed or if resolving the disputed facts would not alter the result. " 'Summary judgment is inappropriate if neither party is entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from the undisputed facts.' " Whether a district court has properly granted a motion for summary judgment is a question of law, which this Court reviews de novo on the record.

"When we review a district court's decision on a motion for summary judgment, we view the evidence in a light most favorable to the party opposing the motion and give the opposing party all favorable inferences. In determining whether summary judgment is appropriate, the court may examine the pleadings, depositions, admissions, affidavits, interrogatories, and inferences to be drawn from the evidence. The moving party must show there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. A party resisting the motion for summary judgment 'cannot merely rely on the pleadings or other unsupported conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact.' "

*Pifer v. McDermott*, 2013 ND 153, ¶ 9, 836 N.W.2d 432 (quoting *Riedlinger v. Steam Bros., Inc.*, 2013 ND 14, ¶ 10, 826 N.W.2d 340).

A

[¶ 7] Jon Rud argues the district court erred in granting summary judgment because he is an accommodation party and a surety, entitled to the legal protections afforded to those statuses. The gist of Jon Rud's argument is that he is not personally liable for the indebtedness owing on the promissory note because he signed the promissory note and third mortgage only to assist Hollie Rud, who received the loan proceeds.

[¶ 8] Jon Rud argues, "A person signing an instrument is presumed to be an accommodation party...." N.D.C.C. § 41–

03–56(3) (U.C.C. § 3–419). The Official Comments to N.D.C.C. § 41–03–56 (U.C.C. § 3–419) define an "accommodation party" as "a person who signs an instrument to benefit the accommodated party either by signing at the time value is obtained by the accommodated party or later, and who is not a direct beneficiary of the value obtained.... An accommodation party is always a surety." *See also* 2 J. White, R. Summers, and R. Hillman, *Uniform Commercial Code* § 17:22 (6th ed.2013). A "surety" is "one who, at the request of another and for the purpose of securing to the latter a benefit, becomes responsible for the performance by the latter of some act in favor of a third person or hypothecates property as security therefor." N.D.C.C. § 22–03–01; *see also Beneficial Fin. Co. v. Lawrence,* 301 N.W.2d 114, 117 (N.D.1980).

[¶ 9] The person claiming to be an accommodation party has the burden of establishing accommodation status. *See Madison–Hunnewell Bank v. Hurt,* 903 S.W.2d 175, 177–78 (Mo.Ct.App.1995). Determining whether a person is an accommodation party to a negotiable instrument is usually a question of fact. *See Citibank v. Van Velzer,* 194 Ariz. 358, 982 P.2d 833, 836 (1998); *Belden v. Thorkildsen,* 197 P.3d 148, 152 (Wyo.2008). Because we review this case in the procedural posture of summary judgment and view the evidence in the light most favorable to the party opposing the motion, we will assume for purposes of argument only that Jon Rud sustained his burden of establishing he was an accommodation party.

[¶ 10] Section 41–03–56(2) (U.C.C. § 3–419), N.D.C.C., provides:

"An accommodation party may sign the instrument as maker, drawer, acceptor, or endorser and, subject to subsection 4, is obliged to pay the instrument in the capacity in which the accommodation party signs. The obligation of an accommodation party may be enforced notwithstanding any statute of frauds and regardless of whether the accommodation party receives consideration for the accommodation."

The limitation on the applicability of subsection 2 is found in N.D.C.C. § 41–03–56(4) (U.C.C. § 3–419), which provides:

"If the signature of a party to an instrument is accompanied by words indicating unambiguously that the party is guaranteeing collection rather than payment of the obligation of another party to the instrument, the signer is obliged to pay the amount due on the instrument to a person entitled to enforce the instrument only if execution of judgment against the other party has been returned unsatisfied, the other party is insolvent or in an insolvency proceeding, the other party cannot be served with process, or it is otherwise apparent that payment cannot be obtained from the party whose obligation is guaranteed."

[¶ 11] Jon Rud does not dispute he signed the July 10, 2009 promissory note as a "maker." The promissory note states "the undersigned promise to pay," and the signatures of Jon and Hollie Rud appear below and are dated July 10, 2009. Consequently, under N.D.C.C. § 41–03–56(2) and (4) (U.C.C. § 3–419), Jon Rud is "obliged to pay the instrument in the capacity" of a maker unless his signature "is accompanied by words indicating unambiguously that [he] is guaranteeing collection rather than payment of the obligation of" Hollie Rud. No words accompanying Jon Rud's signature indicate he signed the promissory note in any capacity other than as a maker. Because "two or more persons who have the same liability on an instrument as makers ... are jointly and severally liable in the capacity in which they sign," N.D.C.C. § 41–03–16(1)

(U.C.C. § 3–116), the district court did not err in ruling as a matter of law that Jon Rud is liable for the indebtedness under the promissory note.

### B

[¶ 12] Jon Rud argues the Zavadils improperly split their cause of action and cannot sue to collect on the promissory note because of their prior action to foreclose the third mortgage.

[¶ 13] We have said, "It is a familiar doctrine 'that causes of action may not be divided, and that one who has availed himself of a part of a single claim or obligation in an action or defense is estopped thereafter from enforcing the remainder of it.'" *Hildenbrand v. Capital RV Ctr., Inc.,* 2011 ND 37, ¶ 13, 794 N.W.2d 733 (quoting *Jacobson v. Mutual Benefit Health & Accident Ass'n,* 73 N.D. 108, 114, 11 N.W.2d 442, 446 (1943)). After Wells Fargo Bank commenced a foreclosure proceeding on its first mortgage, the Zavadils stipulated to dismiss its action against the Ruds to foreclose the third mortgage. The action was dismissed, and the priority and validity of the Zavadils' third mortgage was not adjudicated. These circumstances do not implicate the rule against splitting causes of action.

### C

[¶ 14] Jon Rud argues he was discharged from his obligations under N.D.C.C. § 41–03–67 (U.C.C. § 3–605) by the Zavadils' waiver of the right to foreclose the third mortgage without his consent.

[¶ 15] First, N.D.C.C. § 32–19–07 provides that "*[n]otwithstanding any other provision of state law,* if a promissory note or other obligation and a mortgage, other than a first mortgage, upon real estate have been given to secure a debt contracted on or after August 1, 1993, a mortgagee may bring an action on the promissory note if the mortgagee waives the right to foreclose the mortgage given to secure the note." (Emphasis added.) In their complaint to collect on the promissory note, the Zavadils expressly waived their right to foreclose the third mortgage in accordance with N.D.C.C. § 32–19–07. Jon Rud's consent was not required. Second, N.D.C.C. § 41–03–67(8) (U.C.C. § 3–605) provides that an accommodation party is not discharged under the applicable subsections "unless the person entitled to enforce the instrument knows of the accommodation or has notice under subsection 3 or 4 of section 41–03–56 that the instrument was signed for accommodation." No evidence established the Zavadils knew of the alleged accommodation, and Jon Rud signed the promissory note as a maker.

[¶ 16] Jon Rud was not discharged by the Zavadils' failure to obtain his consent before waiving their right to foreclose the third mortgage.

### D

[¶ 17] Jon Rud argues he was discharged from his obligations under the promissory note when the Zavadils and Hollie Rud entered into a postjudgment forbearance agreement.

[¶ 18] The postjudgment forbearance agreement was executed after the default judgment was entered and merely provided that the Zavadils would forgo certain judgment collection proceedings if Hollie Rud made $375 monthly payments on the judgment. The forbearance agreement does not constitute "an extension of the due date of the obligation of a party to pay the instrument." N.D.C.C. § 41–03–67(3) (U.C.C. § 3–605). Jon Rud's argument is without merit.

### III

[¶ 19] We do not address other arguments raised because they either are un-

necessary to the decision or are without merit. We affirm the summary judgment.

[¶ 20]   GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, S.J., THOMAS E. MERRICK, D.J., and DALE V. SANDSTROM, JJ., concur.

[¶ 21]   The Honorable Thomas E. Merrick, D.J., sitting in place of Kapsner, J., disqualified.

[¶ 22]   The Honorable Lisa Fair McEvers was not a member of the Court when this case was heard and did not participate in this decision.   Surrogate Judge Mary Muehlen Maring, sitting.