# IN THE COURT OF APPEALS OF IOWA

No. 22-0296
Filed March 8, 2023

GREEN STATE CREDIT UNION f/k/a UNIVERSITY OF IOWA COMMUNITY CREDIT UNION,
      Plaintiff,

vs.

AUSTIN BOWMAN and SARAH AUCUTT,
      Defendants.

_____

SARAH AUCUTT,
      Cross-Claimant-Appellant,

vs.

AUSTIN BOWMAN,
      Defendant to Cross-Claim-Appellee.
_____

      Appeal from the Iowa District Court for Scott County, Patrick McElyea, Judge.

      A signer of a promissory note appeals the partial denial of her cross-claim against the primary borrower. **REVERSED AND REMANDED.**


      H. J. Dane of H.J. Dane Law Office, Davenport, for cross-claimant-appellant.

      Charles Litow of North Central Legal Solutions P.C., Cedar Rapids, for plaintiff Green State Credit Union.

      Austin Bowman, Davenport, self-represented defendant to cross-claim-appellee.

      Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

In 2017, Sarah Aucutt agreed to serve as a co-signer for her then-boyfriend, Austin Bowman, to refinance Bowman's loan on his vehicle.[1] Bowman defaulted on his payment obligations in 2019. At that time, Bowman sent a text message to Aucutt stating, "When they take the truck back, they'll sell it at auction, I'll be responsible for the difference." As Bowman predicted, the lender repossessed the vehicle and sold it, but a deficiency remained. Bowman never paid on the deficiency, so the lender sued Bowman and Aucutt to recover the deficiency. Aucutt filed a cross-claim against Bowman seeking reimbursement of any amounts she became required to pay to the lender and for other obligations she claimed Bowman owed her. The lender received a default judgment for the full amount of the deficiency against Bowman.[2]

Although the terms of the promissory made Aucutt jointly and severally liable for the entire deficiency, Aucutt and the lender reached a settlement agreement. Pursuant to the agreement, Aucutt agreed to pay one-half of the deficiency—$9870.00 plus interest—and agreed to make payments toward her obligation on an agreed-upon schedule. As part of the agreement, Aucutt gave the lender a confession of judgment. So long as Aucutt meets her payment obligations, the lender will not file the confession of judgment, but, if she defaults,

---

[1] Bowman had taken out a loan to purchase his vehicle before beginning his relationship with Aucutt. The mother of Bowman's prior girlfriend served as co-signer on the original loan to purchase Bowman's vehicle. The prior girlfriend's mother was released from the original note once Aucutt became obligated on the note or a replacement note.

[2] The deficiency judgment against Bowman is for $19,739.18, plus prejudgment interest of $497.58, plus post judgment interest, plus court costs.

the lender is permitted to file the confession of judgment. In return, the lender dismissed its claim against Aucutt without prejudice to refiling. Aucutt sought judgment against Bowman on her cross-claim for her obligation owed to the lender.

Aucutt moved for default judgment against Bowman on her cross-claim, which the court granted. The case proceeded to trial on damages. Following trial, the court determined "Aucutt failed to prove damages of $9870.00 regarding the vehicle loan."[3] Aucutt filed an Iowa Rule of Civil Procedure 1.904 motion claiming the court "failed to analyze the legal relationship between" Aucutt and Bowman, asserting that Aucutt qualified as an accommodation party entitled to reimbursement under Iowa Code section 554.3419(5) (2020). The court denied the motion.

Aucutt appeals. She contends the district court failed to properly analyze the financial relationship between herself and Bowman and incorrectly focused only on their joint responsibility for the debt owed to the lender. She claims Bowman agreed to be responsible for the entire deficiency in his text message and, as an accommodation party, she is entitled to reimbursement for her liability on the loan deficiency.

The case was tried at law, so our review is for errors at law. *See* Iowa R. App. P. 6.907. This means the district court's findings are binding on us if supported by substantial evidence, but the district court's legal conclusions do not bind us. *Tim O'Neill Chevrolet, Inc. v. Forristall*, 551 N.W.2d 611, 614 (Iowa 1996).

---

[3] Aucutt also sought reimbursement for one-half of a vacation timeshare the two had purchased. The court ordered Bowman to reimburse Aucutt for half the timeshare—$1989.33. Neither party challenges that determination on appeal.

The district court's finding that Aucutt failed to prove damages is not supported by substantial evidence. The court appeared to focus on the fact that Aucutt was liable on the note to the lender. But Aucutt never challenged her liability to the lender. Her theory of recovery was that Bowman was liable to her as an accommodation party.

Iowa Code section 554.3419 explains the relationship and obligations between accommodated parties and accommodation parties. It provides:

> 1. If an instrument is issued for value given for the benefit of a party to the instrument ("accommodated party") and another party to the instrument ("accommodation party") signs the instrument for the purpose of incurring liability on the instrument without being a direct beneficiary of the value given for the instrument, the instrument is signed by the accommodation party "for accommodation."
> 2. An accommodation party may sign the instrument as maker, drawer, acceptor, or endorser and, subject to subsection 4, is obliged to pay the instrument in the capacity in which the accommodation party signs. The obligation of an accommodation party may be enforced notwithstanding any statute of frauds and whether or not the accommodation party receives consideration for the accommodation.
> 3. A person signing an instrument is presumed to be an accommodation party and there is notice that the instrument is signed for accommodation if the signature is an anomalous endorsement or is accompanied by words indicating that the signer is acting as surety or guarantor with respect to the obligation of another party to the instrument. Except as provided in section 554.3605, the obligation of an accommodation party to pay the instrument is not affected by the fact that the person enforcing the obligation had notice when the instrument was taken by that person that the accommodation party signed the instrument for accommodation.
> 4. If the signature of a party to an instrument is accompanied by words indicating unambiguously that the party is guaranteeing collection rather than payment of the obligation of another party to the instrument, the signer is obliged to pay the amount due on the instrument to a person entitled to enforce the instrument only if execution of judgment against the other party has been returned unsatisfied, the other party is insolvent or in an insolvency proceeding, the other party cannot be served with process, or it is

> otherwise apparent that payment cannot be obtained from the other party.
>
> 5. An accommodation party who pays the instrument is entitled to reimbursement from the accommodated party and is entitled to enforce the instrument against the accommodated party. An accommodated party who pays the instrument has no right of recourse against, and is not entitled to contribution from, an accommodation party.

Iowa Code § 554.3419. So if Aucutt signed the note as an accommodation party, she is entitled to reimbursement from Bowman for amounts paid on the note. *See id.* § 554.3419(5).

To determine whether Aucutt was an accommodation party, we start by noting that Aucutt bears the burden of establishing her accommodation status. *See Zavadil v. Rud*, 842 N.W.2d 902, 906 (N.D. 2014) ("The person claiming to be an accommodation party has the burden of establishing accommodation status."); *Coop. Fin. Ass'n, Inc. v. Garst*, 917 F.Supp. 1356, 1387 (N.D. Iowa 1996) (same, applying Missouri law).[4] Whether a signer of loan documents is an accommodation party is determined by the intentions of the signers at the time of execution of the loan documents. *See Garst*, 917 F.Supp. at 1387.

Here, it is clear the parties intended Aucutt to be an accommodation party. Bowman's text message confirming that he is solely responsible for the deficiency is convincing evidence of that intent. Further, while it is uncontroverted that both Bowman and Aucutt signed as borrowers on the note, this fact is not fatal to

---

[4] As Iowa has very limited case law interpreting section 554.3419, we turn to other jurisdictions for help. We note that section 554.3419 is based on Uniform Commercial Code (UCC) section 3–419, which replaced former UCC sections 3–415 and 3–416. *See* UCC § 3-419 cmt. 1. (Am. L. Inst. 2004). We cite cases from other jurisdictions addressing those jurisdictions' versions of UCC section 3–419 as well as the predecessor sections 3–415 and 3–416.

Aucutt's claim that she is an accommodation party. *See Citibank (Arizona) v. Van Velzer*, 982 P.2d 833, 835 (Ariz. Ct. App. 1998) ("The fact that [the party claiming to be an accommodation party] signed as a 'principal' or maker, therefore, does not preclude [the party] from being an accommodation party."). It is not fatal because the uncontroverted evidence also shows that Bowman did not have good enough credit to secure the refinancing loan on his own, he needed Aucutt to sign in order to obtain the loan, and the only reason Aucutt signed was to enable Bowman to get the loan. *Garst*, 917 F.Supp. at 1387 (applying Missouri law to conclude that "[a] person who signs a note in order to enable another party to the paper to obtain a loan is an accommodation party" (alteration in original) (quoting *Landmark KCI Bank v. Marshall*, 786 S.W.2d 132, 137 (Mo. Ct. App. 1989))).

It is also worth noting that, to the extent the loan proceeds exceeded the amount needed to pay off the loan being refinanced so that the loan generated some additional funds, Bowman received those funds; Aucutt received none. In other words, Aucutt did not directly benefit from the loan, which further supports the conclusion that she was an accommodation party to the note. *See id.* (noting that, under Missouri law, the two primary indicia of accommodation status are that (1) the accommodation party receives no direct benefit from the loan, and (2) the signature of the accommodation party is needed by the maker to acquire the loan).

We also note that, even if Aucutt had indirectly benefited from the loan, indirect benefit is not enough to negate a party's status as an accommodation party. *Van Velzer*, 982 P.2d at 835 (holding "that an indirect benefit does not change a party's status as an accommodation maker"). But Aucutt did not even indirectly benefit. Bowman purchased the vehicle (and incurred the debt to do so)

before Bowman and Aucutt began their relationship. The vehicle remained titled in Bowman's name the entire time, he referred to it as "his truck," neither party could think of even one instance in which Aucutt drove Bowman's truck, and Aucutt had her own vehicle that she paid for and drove. The lack of benefit—both direct and indirect—to Aucutt helps establish her status as an accommodation party.

The evidence establishes that Aucutt was an accommodation party within the scope and meaning of section 554.3419. The district court erred in neglecting to so find. As an accommodation party, Aucutt is entitled to reimbursement from Bowman (the accommodated party) for all amounts she has paid in satisfaction of the note. *See* Iowa Code § 554.3419(5). The undisputed evidence at trial establishes that Aucutt has paid $3160.00 toward her obligations on the note at the time of trial. She is entitled to judgment for reimbursement of that amount. Any additional amounts she pays toward her obligation on the note may be sought pursuant to section 554.3419(5) by future suit.

We reverse and remand for modification of the judgment in Aucutt's favor against Bowman to $5149.33 plus interest and court costs.[5] Interest shall accrue on $1989.33 of the judgment as originally ordered. Interest shall accrue on the remaining $3160.00 at the contractual rate of 4.34% per annum. Costs on appeal are assessed to Bowman.

**REVERSED AND REMANDED.**

---

[5] Of the modified judgment amount of $5149.33, $1989.33 represents the amount already ordered by the district court to cover Bowman's obligation for one-half of the timeshare and the additional $3160.00 is for reimbursement of the amounts Aucutt has paid on the note.